HERBERT DAVIS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

22   633
c56   52

1. Where a defendant is indicted for the commission of an offence with intent to commit another, as for instance, rape, it devolves upon the prosecution to prove some act or deed evidencing such intent in order to warrant conviction of the defendant.

2. Material averments in an indictment must be proved. If a variance occurs between a material averment and the proof, the prosecution, upon whom the burden lies of establishing such averment, will be defeated.

3. The plaintiff in error was indicted, and such indictment contains three counts : First, for breaking and entering a dwelling house with intent to ravish and carnally know a young lady. Second, for breaking and entering with intent to steal and carry away property of one person. Third, for breaking and entering with intent to steal and carry away goods and property of another person. The jury found the defendant guilty upon the first count ; *Held,* To be error, as there was no evidence of any such intent.

4. The allegation of the intent in this case was an essential and material allegation, and it was necessary for the prosecution to prove facts in order to show beyond a doubt what that intent was.

5. Where there is no evidence to warrant the finding of the jury, this court will overrule the judgment.

Writ of error to the Circuit Court for Monroe county.

THE CHIEF-JUSTICE did not sit in this case.

The facts of the case are stated in the opinion.

*Jefferson B. Brown* and *Fred. T. Myers* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court:

In April, 1886, the defendant was indicted for burglariously breaking and entering a dwelling house with intent to ravish a young lady. Another count charges the burglarious entry for the purpose of committing larceny of the goods and chattels of William F. Wood. Another count charges the entry for the purpose of taking the goods and chattels of one Ida G. Wood. The cause was tried at the April term of the court and the jury found " the prisoner guilty of breaking and entering the dwelling house of William F. Wood in the night time as charged, with intent to commit the crime of rape, so say we all."

The defendant moved for a new trial on the following grounds :

1. The verdict was contrary to law.

2. The verdict was contrary to the evidence.

3. The verdict was unsupported by evidence.

The court overruled the motion and counsel for defendant excepted.

The court then sentenced the defendant to imprisonment in the State penitentiary for the term of three years.

The defendant brings the case here on writ of error.

The errors assigned are the same as on the motion for a new trial, and none other.

The only evidence in the case bearing on *intent* was that of Miss Ida G. Wood, who testified in substance as follows : " My father's name is William Wood, and I live with him in the house he has just testified about. On the night of

the 19th March, 1886, between the hours of three and four A. M. I was awakened, and heard my father say, ' I will dress.' I lay on my side with my eyes partially open and saw some one standing in my room at a window, which is near the foot of my bed. The side of my bed is near the side of the wall in which the window is, the window being at the foot of the bed. I thought it was my mother, and called ' mama, mama,' and the person not answering, and my eyes by this time being wide open, I saw it was a man and recognized him as Herbert Davis. I jumped from my bed and ran out the room screaming. I met my father and said to him, there is a man in my room, he said no, my child, it is a cat. I replied, no, papa, it is Herbert Davis. My father went in the room; I did not go in. When I went to bed the window blinds were closed and the sash down and fastened on the inside with a catch; when I awoke the window blinds were open and the sash down. The blinds were on the outside of the window, and the moon was shining right in the window. I had in that room my clothes and jewelry. The man who I saw in my room did not touch me, or make any effort to do so. I did not look around to see what he did when I ran from the room. From the time I first saw the man in my room till I ran out he did not move from where I first saw him standing at the window. He did not lay his hands on me, or make any demonstration in that direction. He was dressed in yellowish looking clothes which looked like under clothes, and had no hat or shoes on."

This is all the evidence in the record as to the *intent* charged in the indictment. The only question in this case, under the verdict of the jury, is, does this evidence of this witness show any acts of the defendant which point to an intent to commit the crime of rape ? Why not equally prove the intent to commit either of the other offences

charged in the indictment? The counsel for defendant in his argument well says : " Here were charged three separate and distinct offences, and it was the duty of the State to have proven the prisoner guilty of the particular offence of which he was convicted, by evidence which did not admit of any other rational hypothesis, but that of his guilt of that offence and no other." The witness testified that her clothing and jewelry were in that room, why not convict him of the intention to steal or take away such property, being in the room where she was sleeping, or the property belonging to her father in the house? He made no demonstration towards the witness, whatever. It is the admitted rule in such cases, where intent is alone charged, that if there " be any reasonable hypothesis upon which the circumstances are consistent with the prisoner's innocence," such hypothesis should control the verdict of the jury. The criminal intent must be proved by some act or deed evidencing it. In Rex vs. Lloyd, 7 Car. & Payne, 318, it was held by Patterson, J., that " in order to find the prisoner guilty of an assault with intent to commit a rape, you must be satisfied that the prisoner, when he laid hold of the prosecutrix, not only desired to gratify his passions upon her person, but that he intended to do so at all events, and notwithstanding any resistence on her part. It is not proof of guilt, merely, that the facts are consistent with guilt, but they must be inconsistent with innocence. It is neither charity nor common sense, nor law, to *infer* the worst intent which the facts will admit of."

The count in the indictment in this case upon which the verdict of the jury was based charges that the defendant " feloniously and burglariously did break and enter, with intent, one Ida G. Wood in said building then and there being, then and there violently and against her will, feloniously to ravish and carnally know, contrary to the form

of the statute," &c. This intent so charged is an *essential* ingredient, and must be proved in order to warrant the conviction of the defendant upon that count. " Material averments must be proved. If a variance occurs between a material averment and the proof, the party upon whom the burden lies of establishing such averment will be defeated." 1 Phil. Ev., 835, 844, and notes.

We think that the evidence is insufficient to support the verdict.

The judgment is overruled and a new trial awarded.