ALEX A. GRANQUIST, ALIAS PETER THOMPSON, ALIAS ALEX
GREEN, *Plaintiff in Error,* v. THE STATE OF FLORIDA,
*Defendant in Error.*

Opinion Filed June 14, 1923.

1. Where the presiding judge has, during the term at which a
case is tried, under Rule 97, Rules of the Circuit Courts in
Law Actions, granted further time for making up and signing
the bill of exceptions, he is not authorized in vacation to make
another order further extending the time. And where a bill
of exceptions is made up and presented to the trial judge
after the expiration of the first time allowed under such rule,
it cannot be considered as a part of the record although
signed by him and copied into the transcript of the record
filed in the appellate court.

2. An appellate court cannot review an order of the trial court
granting or refusing a motion for new trial unless the ruling
is excepted to and the motion, ruling and exception incorpo-
rated in the bill of exceptions. Such motion is not a part of
the record proper, and its incorporation therein is unavail-
ing.

A Writ of Error to the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Affirmed.

*Guss Rippa,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—By indictment of a grand jury of Pinellas County plaintiff in error was charged with the crime of breaking and entering with intent to commit a felony. There was a trial of the issue made by a plea of not guilty to this indictment, resulting in a verdict finding him guilty as charged. To review the judgment imposing sentence writ of error was taken from this Court.

Assignments of error present only the questions of the sufficiency of the evidence to support the verdict and the propriety of one charge given by the Court to the jury.

On September 25, 1922, a motion for new trial was denied and defendant allowed ninety days in which to present and settle his bill of exceptions. On September 27, 1922, Court adjourned for the term. On December 23, 1922, upon motion of the defendant, an order was made allowing an additional thirty days "to perfect his appeal to the Supreme Court of the State of Florida." The bill of exceptions was presented and settled January 25, 1923, 120 days after the trial court had adjourned for the term. The order of December 23, 1922, allowing additional time for the presentation of the bill of exceptions, was outside the Court's power and is a nullity. The bill of exceptions having been presented and signed after the expiration of the time allowed for that purpose when

the motion for a new trial was denied, cannot be considered. Jackson v. State, 84 Fla. 646, 94 South. Rep. 505. Even if the bill of exceptions had been duly authenticated and made a part of the record, the order of the trial Court denying the motion for a new trial, with the exception to the ruling, is not incorporated in it, so this ruling could not be reviewed. Revell v. State, 85 Fla. 402, 96 South. Rep. 156; Alexander v. Rhine, 78 Fla. 313, 82 South. Rep. 831; Palmore v. State, 65 Fla. 539, 62 South. Rep. 581; Cooper v. State, 47 Fla. 21, 36 South. Rep. 53; McDonald v. State, 46 Fla. 149, 35 South. Rep. 72.

The judgment is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.