JAMES GARFIELD SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 21, 1924.

This case was decided by Division A.

1. Where a specific intent is required to make an act an offense, the doing of the act does not raise a presumption that it was done with the specific intent.

2. A presumption of a criminal intention may arise from proof of the commission of an unlawful act, but the general rule, that if it is proved that the accused committed the unlawful act charged, it will be presumed that the act was done with a criminal intention, does not apply in the case of crimes like burglary, assault with intent to kill, or rape, for which a specific intent is necessary. Here the burden is on the State to prove affirmatively either by direct or circumstantial evidence that the act was done with the requisite specific intent.

A Writ of Error to the Circuit Court for Volusia County; James W. Perkins, Judge.

Judgment reversed.

*Stewart & Stewart*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

BROWNE, J.—The plaintiff in error was convicted of assaulting his wife, Maud Smith, with his fist and striking out and destroying her right eye, with malicious intent to maim and disfigure her.

The evidence is undisputed that on the afternoon of the

10th of August, Smith was intoxicated from drinking shine, and that he and his wife "were fussing and one word brought on another," and he struck her in the face with his fist, causing an injury to her eye, which necessitated its being removed.

It appears from the record that they had not had any previous quarrels, nor was there any ill feeling between them. Smith paid the doctor's bills, and for an artificial' eye for her. She made no complaint against him, and they lived together as man and wife from the time of the injury until after his indictment on the 22nd of the following November.

These facts fail to establish malicious intent on the part of the plaintiff in error to maim and disfigure his wife by putting out and destroying her eye as charged in the indictment, and no evidence was adduced from which such malicious intent could reasonably have been presumed.

The rule is thus stated in Lawson on Presumptive Evidence, p. 331: "Where a specific intent is required to make an act an offense the doing of the act does not raise a presumption that it was done with specific intent." See also People v. Plath, 100 N. Y. 590, 3 N. E. Rep. 790; Roberts v. People, 19 Mich. 401.

In 16 C. J. 995, we find, "The burden is on the State to prove that the accused had the specific intent involved in the charge, or to show facts from which it may be proved."

In Simpson v. State, 81 Fla. 292, 87 South. Rep. 920, the rule is thus stated: "A presumption of a criminal intention may arise from proof of the commission of an unlawful act, but the general rule, that if it is proved that the accused committed the unlawful act charged, it will be presumed that the act was done with a criminal intention, does not apply in the case of crimes like burglary,

assault with intent to kill, or rape, for which a specific intent is necessary. Here the burden is on the State to prove affirmatively either by direct or circumstantial evidence that the act was done with the requisite specific intent.

"Where a specific intent is required to make an act an offense, the doing of the act does not raise a presumption that it was done with that specific intent." See Davis v. State, 22 Fla. 633; Clark v. State, 56 Fla. 46, 47 South. Rep. 481; Simpson v. State, 81 Fla. 292, 87 South. Rep. 920.

There being no evidence to sustain the verdict, the judgment is reversed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion.

WEST, J., dissents.

WEST, J., dissenting.

Intent is an element of many crimes. Of necessity, if not confessed, it must be proved by circumstances. The court seems to hold in this case that the act of the accused in paying the doctor's bill and for an artificial eye for his wife after destroying the natural one, tends to negative malicious intent and to exculpate him. This does not appeal to me as sound. Nor does the fact that there is no evidence that he had previously gone on a similar rampage and knocked out the other eye, or otherwise maimed her, tend to negative the alleged malicious intent. It seems to me that there is not in this record such absence of proof of malicious intent as to require a reversal.