Buford, J.
 

 The plaintiffs in error were convicted under both counts of an information in two counts.
 

 The' first count charged them as follows:
 

 “That James Turner and William Cannon, late of the County of Hillsborough aforesaid, in the State aforesaid, on the 13th day of January, in the year of Our Lord one thousand nine hundred and thirty, with force and arms at and in the County of Hillsborough aforesaid, did unlawfully, feloniously and falsely assume and pretend to be police officers of the City of Tampa, Hillsborough County, Florida, and did then and there take upon themselves to act as such police' officers by pretending to place Joseph H. Eckmeder under arrest, by demanding of the said Joseph H. Eckmeder as a bail bond the sum of two hundred and fifty dollars in money current in the United States of America, of the value of two hundred and fifty dollars in money current in the United States of America, ■a further description of said money being to the solicitor unknown; the said James Turner and William Cannon not then and there being police officers of the City of Tampa, in Hillsborough County, Florida, and not then and there having any lawful authority to act as police officers as aforesaid; and, the said James Turner and William Cannon then and there well knowing that they were not such police of- • ficers as aforesaid, and that they had not any lawful authority to act as such police officers as aforesaid, against the form of the statute in such case made and
 
 *1080
 
 provided, to the evil example of all others in the like case offending and against the peace and dignity of the State of Florida. ’ ’
 

 The second count charged them as follows:
 

 “That James Turner and William Cannon, late of the County of Hillsborough aforesaid, in the State aforesaid, on the 13th day of January, in the. year of Our Lord one thousand nine hundred and thirty, with force and arms at and in'the County of Hillsborough aforesaid, did unlawfully and feloniously make an assault on and upon one Joseph H. Eckmeder, and did then and there by force, violence and putting in fear, unlawfully and feloniously attempt to rob, steal and take from the person of the said Joseph H. Eckmeder, two hundred and fifty dollars in money current in the United States of America, a further description of which is to the solicitor unknown, of the value of two hundred and fifty dollars in money current in the United States of America, the money and property of the said Joseph H. Eckmeder, the said James Turner and William Cannon not being then and there armed with a dangerous weapon, against the form of the statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida; wherefore the said Wm. J. Skinner, county solicitor aforesaid, prosecuting for the State of Florida aforesaid, prays the advice of the court in the premises and that a capias may be issued forthwith for the arrest of said James Turner and William Cannon, and that they be held for trial under the foregoing information.”
 

 There was no transcript of the evidence included in the bill of exceptions. It is made to appear by the Record
 
 *1081
 
 that the court reporter refused to transcribe the testimony and that the trial judge declined to order the same transcribed. We assume that the representations made by the Record are true. Neither the refusal of the court reporter to transcribe the testimony nor the failure of the trial judge to order the court reporter to perform such duty would constitute grounds of reversible error. We may say, however, in passing, that it was the duty of the court reporter, especially when tendered pay for so doing, to transcribe the testimony as taken at the trial and file it in the office of the Clerk of the Court and, upon his failure and refusal to do so, it was the duty of the trial judge to make an order requiring him to perform his duty as an officer of the court when it was shown that the court reporter was present in court and took down the testimony as same was given in stenographic notes and that he had been tendered full compensation to transcribe and file the same in the office of the Clerk of the Court. A defendant should not be put to the necessity of applying to another court for a writ of mandamus to compel an officer of the Criminal Court of Record to perform a plain duty which the judge of that Court had the right to require him by order to perform.
 

 There are a number of assignments of error. We will consider matters raised by three of such assignments.
 

 There was a motion to quash each count of the information. The first count of the information sufficiently charges an offense under the provisions of section 7532 Comp. Gen. Laws and, therefore, the motion to quash this count was properly denied. The second count is not sufficient to charge an offense under the provisions of section 7544 Comp. Gen. Laws connected with Section 7158 Comp. Gen. Laws.
 

 
 *1082
 
 In Hogan v. State, 50 Fla. 86, 39 So. R. 464, the Court construing this section and • the sufficiency of a charge thereunder, say:
 

 “According to Mr. Bishop this is but the terms of the common law, and seems to require no change from the common law indictment, but as the act done must be such as the law recognizes as adequate and because the accused is always entitled to have the particulars of the accusation stated to him, such act must be specifically averred. While not necessary to allege failure in the attempt, it is necessary to set out both the intent and the act. 2 Bish. New Crim. Proc. 86.
 

 ‘In indictments for attempts the laxity permitted in assaults will not be maintained * * * But “attempts” is a term peculiarly indefinite. It has no prescribed legal meaning. It relates from its nature to an unconsummated offence. It covers acts some of which are indictable and some of which are not. * * * At common law such facts must be set forth as show that the attempt is criminal in itself * * * in an, indictment for an attempt to commit a crime, it is essential to aver that the defendant did some act, which directed by a particular intent, to be averred, would have apparently resulted in the ordinary and likely course of things in a particular crime.’ 1 Whart. Cr. Law (10 Ed.) 190, 192.
 

 “Indictments for attempts to commit crimes must aver the intent and the overt act constituting the attempt. 3 Ency. PI.
 
 &
 
 Pr. 98.”
 

 In support of this enunciation the Court cited the following cases:
 

 “State v. Frazier, 53 Kan. 87, 36 Pac. R. 58; State v. Russell, 64 Kan. 798, 68 Pac. R. 615; Cunningham
 
 *1083
 
 v. Commonwealth, 88 Va. 37, 13 So. E. R. 309; Commonwealth v. Clark, 6 Gratt 675; Hicks v. Commonwealth, 86 Va. 223, 9 So. E. R. 1024; Thompson v. People, 96 Ill. 158; Kinningham v. State, 119 Ind. 332, N. E. R. 911; State v. Wilson, 30 Conn. 500; Randolph v. Commonwealth, 6 S. & R. (Pa.) 398; State v. Colvin, 90 N. C. 717; United States v. Ulrici, 3 Dill. 532.”
 

 The motion to quash the second count of the information should have been granted.
 

 There was a motion to disqualify the judge which was as follows:
 

 “Come now James Turner and William Cannon, defendants in the foregoing cause, by their attorneys, Zewadski & Pierce, and move for the disqualification of Honorable W. Ealeigh Petteway, judge of this court, on account of the prejudice of said judge against thése defendants, and suggest that said judge shall proceed no further herein, and in support of said motion, attach the following affidavits and exhibits hereto,”
 

 which was supported by affidavits of the two defendants and by two affidavits as required under the provisions of Section 4341, Comp. Gen. Laws. The evidence of prejudice as set forth in the affidavits was as follows:
 

 “That when W. K. Zewadski, Jr., chief counsel for this affiant in this cause, went before Judge Petteway in open court on last Saturday, February 8, 1930, upon application for a reduction in the amount of bail bond theretofore set for this defendant in the sum of ten thousand dollars by .the said Judge Petteway,
 
 *1084
 
 and after said W. K. Zewadski, Jr., had made an oral plea before Judge Petteway in open court at said time, that said bond be reduced, the said Judge Petteway at said time said substantially and in effect the following words: ‘Well, Colonel, the reason that I wont reduce the bond is because I have discussed this case against Cannon and Turner with the sheriff and he says there are a great many other things against these men and they wont be here for trial if I reduce it, it is not so much this thing that they are charged with that I am going to keep the bond up, but it is the other things that are against them (meaning Cannon and Turner) and the sheriff discussed that with me and asked me to make the bond high because of these other things, and the best way to have them here is to have a big bond and then they will be sure and be here, because of these- other things (meaning other charges against Cannon and Turner).’ That the information in this case is the only information pending against this affiant, and the charges contained in said information are the only charges upon which they are being now held; that in addition to the foregoing statement, made in the presence of a large number of people in open court on said date, said judge has indicated by other statements and conduct that he has previously discussed and gone over this case both with the sheriff of this county and with the county solicitor’s office and has become well acquainted with the facts to be alleged on behalf of the State of Florida, and not any of the facts on behalf of this affiant, and has thereby become thoroughly prejudiced against this affiant to such an extent as to not be able to fairly and properly conduct the trial as against this affiant; and that affiant further says that this affidavit is not filed ten
 
 *1085
 
 days or more before the beginning of this term of court for the reason that the information in this cause was not filed until February 5th, 1930, which was a date subsequent to the first day of this term, and that said cause has been set for trial on this 10th day of February, 1930, only five days since said information was filed.”
 

 In Suarez v. State, 95 Fla. 42, 115 So. R. 519; this Court speaking through Mr. Justice Brown, construing the effect of the statute above referred to, say:
 

 “The purpose of this statute is a salutary one and it should not be so construed as to defeat that purpose. As was said by the Supreme Court of the United States in the case of Berger v. United States, 255 U. S. 22, 41 Sup. Ct. R. 230, 65 Law Ed. 481:
 

 ‘We may say that its solicitude is that the tribunals of the country shall not only be impartial in the controversy submitted to them, but shall give assurance that they are impartial—-free, to use the words of the section, from any “bias or prejudice” that might disturb the normal course of impartial judgment. And to accomplish this end the section withdraws from the presiding judge a decision upon the truth of the matters alleged. Its explicit declaration is that, upon the making and filing of the affidavit, the judge against whom it is directed shall proceed no further therein, but another judge shall be designated in the manner prescribed in Sec. 23 to hear such matter. And the reason is easy to divine. To commit to the judge a decision upon the truth of the facts gives chance for the evil against which the section is directed. The remedy by appeal is inadequate. It comes after the trial, and if prejudice exists, it has worked its
 
 *1086
 
 evil, and a judgment of it in a reviewing tribunal is precarious. It goes there fortified by presumptions, and nothing can be more elusive of estimate or decision than a disposition of mind in which there is a personal ingredient’. In line with this thought, it was held by this Court, in Howel v. the State, 77 Fla. 119, 81 So. R. 287, that, ‘No discretion is vested in the judge to hear and determine the question of whether or not he is prejudiced’.
 

 “But this Court by the recent case of Theo. Hirsch Co. v. McDonald Furniture Co., decided during the June term, 1927, 114 So. R. 517, has committed itself to the doctrine that the duty rests upon the challenged judge to determine—not whether he is biased or prejudiced, which is conclusively presumed upon conformity by the applicant with the terms of the statute—but whether the statute has been complied with—that is, to say, whether the affidavit and certificate are such as the law requires, and obviously, unless the challenged judge is disqualified the judge of another circuit is without jurisdiction. Citing Williams v. Robles, 22 Fla. 905; Conn. v. Chadwick, 17 Fla. 428; Purvis v. Frink, 55 Fla. 715, 46 So. R. 171. It was further said in that case: ‘Where affidavits setting up prejudice of a judge against a party in any action or proceeding comply with the requirements of the statute on the subject, the judge should not try the cause. Sewell v. Huffstetler, 81 Fla. 374, 87 So. R. 782. . But he hás a. lawful right, and it is his duty, to pass primarily upon the sufficiency of the affidavit to invoke the statute.’ Citing Berger v. United States,
 
 supra,.
 
 In the Berger case it was held that the filing of an affidavit of personal bias or prejudice of the judge who is to preside at the trial, under the Federal Statute,
 
 *1087
 
 leaves such judge no duty other than to pass upon the legal sufficiency of the affidavit (subject to appellate' review) to show the objectionable inclination or disposition, and, if legally sufficient, compels his retirement from the case without passing upon the truth or falsity of the facts affirmed. In the opinion this sentence occurs, ‘Of course, the reasons and facts for the belief the litigant entertains are an essential part of the affidavit and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.’ ”
 

 We think that when the above stated rule is applied to the affidavits in this case, they measure up to the required standard in that they show that the judge did not stand fair and impartial as between the State and the defendants at the Bar. The allegations of the affidavit must be taken to be true and, if true, the trial judge was shown to have been attitudinized against the interest of the defendants and in favor of the prosecution.
 

 The motion, affidavits and certificate of counsel in support thereof were all presented in conformity with the statute. The motion of disqualification should have been granted.
 

 For the reasons stated, the judgment should be reversed and it is so ordered.
 

 Reversed.
 

 Whitfield, P. J., and Strum, J. concur.
 

 Terrell, C. J., and Ellis, J., concur in the opinion and judgment.
 

 Brown, J., dissents.