ANGELO D'ALLESSANDRO and J. W. STUDSTILL, *Petitioners*, vs. F. B. TIPPINS, as Sheriff of Lee County, Florida, *Respondent*.

En Banc.

Opinion filed March 25, 1931.

1276

*W. D. Bell,* for Petitioners;

*Fred H. Davis,* Atty. Gen. and *H. E. Carter,* Asst., for Respondent.

BUFORD, C.J.—The defendants being held in custody of the Sheriff of Lee County under a conviction had in the Circuit Court of that County, the defendant D'Allessandro having been convicted of accessory before the fact of an attempt to commit arson and having beeen sentenced to serve a period of five years in State Prison, and the defendant Studstill having been convicted of "attempted arson" and having been sentenced to serve a period of three years in State Prison, sued out writ of habeas corpus contending that the indictment under which they were convicted charges no offense against the laws of the State of Florida and is, therefore, void as a basis for prosecution and conviction. The charging part of the indictment was as follows:

"The Grand Jurors of the State of Florida, inquiring in and for the body of the County of Lee, upon their oaths present that L. B. Bryant, J. W. Studstill and J. B. Hisler, whose Christian names are to the Grand Jurors unknown, on the night of October 31, 1930, at and in the County of Lee aforesaid, did wilfully lay streamers or lengths of cloth saturated with kerosene, in and about a certain building, and did pour gasoline and kerosene over the contents of said building located on Broadway Street, otherwise known as Estero Ave-

nue, in the City of Fort Myers, Florida, to-wit, the dwelling house of Joe Harrington, and did thereby then and there willfully attempt to burn the said building; and that Angelo D'Allesandro, before the commission of the felony alleged, towit, on the 31st day of October, 1930, at and in the County of Lee aforesaid, had unlawfully and feloniously counselled, hired, incited, encouraged and otherwise procured the said L. B. Bryant, J. W. Studstill and J. B. Hisler, the said felony to do and commit; contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida.''

It will be observed that the indictment does not allege that the defendants had then and there the *intent* to commit the crime alleged to have been attempted and, therefore, it failed to charge the commission of an offense under the provisions of section 5403 R.G.S., 7544 C.G.L. See Turner vs. State, opinion filed October. 29, 1930, reported in 130 Sou. 617.

This Court has recently held Chapter 11812 Acts of 1927 unconstitutional. Sawyer vs. State, opinion filed January 7th, 1931. Therefore, the crime sought to be charged in this indictment is that denounced by section 5106 R.G.S. which was not brought forward in Compiled General Laws of 1927. By reference to the statute it will be observed that malice is an essential element of the crime attempted to be charged against the petitioners and this element of the crime is not charged in the indictment. See State vs. Chase, 94 Fla. 1071, 114 Sou. 856; also ex parte Amos, 93 Fla. 5, 112 Sou. 289.

The indictment before us charges no offense against the laws of the State of Florida and, therefore, the petitioners are entitled to be discharged from the conviction

and the commitment issued to the sheriff under which he now holds the petitioners, and it is so ordered. The record ·before us, however, shows that there is probable cause to believe that the defendants have violated the provisions of section 5106, supra, and, therefore, this Court, under its inherent power to do all things reasonably necessary to administer justice (Keen vs. State, 89 Fla. 113, 105 Sou. 399) and under the provisions of section 6024 R.G.S., 8313 C. G. L., may commit the defendants to await the further action of the Grand Jury; therefore, the petitioners are remanded to the custody of the sheriff to be held to await further action of the Grand Jury of Lee County in regard to the offense attempted to have been charged in this indictment. The petitioners shall be allowed bail pending the action of such Grand Jury, the amount of such bail to be fixed by the Judge of the Circuit Court having jurisdiction of the offense attempted to have been charged. It is so ordered.

Discharged and remanded.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN, J., dissents.

DAVIS, J., disqualified.

BROWN, J., (dissenting):

Undoubtedly, the indictment was subject to motion to quash, but I doubt if the defects therein can be taken advantage of by habeas corpus. Some defects are cured by failing to seasonably object thereto, and some are cured by judgment and verdict. It is a rule of evidence that malice may be implied from the intentional doing of a wrongful act. After verdict and judgment, I think this same implication might be indulged as to ·the indictment when attacked—not directly by writ of error—but

by writ of habeas corpus.  See Jackson v. State, 71 Fla. 342; 29 C. J. 41 et seq.