JOHN FLOWERS and FRED ANDREWS, *Plaintiffs in Error,* vs.
STATE OF FLORIDA, *Defendant in Error.*

143 So. 612.

Division A.

Opinion filed September 17, 1932.

*Will O. Murrell,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, C.J.—In this case the plaintiffs in error, defendants in the court below, were convicted of the larceny of an automobile. The automobile was found in the possession of Flowers. One Clyde Jones was indicted with these defendants. Clyde Jones testified that he stole the automobile himself and later invited Flowers and Andrews to go with him to Kentucky to look for work; that he told them the automobile belonged to his brother. They went to Kentucky, found no work and returning were arrested in Waycross, Georgia. When the police in Waycross first got in contact with the automobile Flowers was driving it. He took the police to a place where they found Jones and Andrews. The State relies upon the circumstance that the three defendants, Jones, Flowers and Andrews, left Jacksonville together with a stolen automobile and were later found in possession of the same automobile in Waycross, Georgia, to convict Flowers and Andrews.

For some reason not explained in the record, the case was nol prossed as to Jones, although he testified pos-

itively that he stole the automobile from the place where the owner had left it and that after driving it around to several different places in Jacksonville to attend to his private affairs, the nature of which he declined to divulge, he found the other two men at a dance hall and invited them to go with him on the trip. Both Flowers and Andrews corroborated this statement and there was no evidence that they ever exercised an act of possession or control over the automobile which was inconsistent with the truth of this statement.

This is not a case where conflicting evidence is reviewed, but it is a case in which we are called upon to determine whether or not such evidence as was adduced was sufficient to constitute the basis of the judgment of conviction against the defendants.

The explanation of the defendants Flowers and Andrews is entirely plausible and reasonable and consistent with the innocence of each of them so far as the act of larceny is concerned. The uncontradicted evidence is that neither Andrews nor Flowers was present when the automobile was stolen and that they had nothing to do with the act of initial asportation.

It is the province of a jury to reconcile conflicting evidence but where there is no conflict in the evidence a jury is not authorized to disregard the direct and positive evidence which shows that the defendants are not guilty of the offense charged.

The judgment should be reversed and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.