ARNOLD FESSER v. STATE.

151 So. 889.
Division A.
Opinion Filed January 1, 1934.

*M. S. Uman,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

TERRELL, J.—Plaintiff in error was informed against in the Criminal Court of Record of Hillsborough County in four counts. The first count charged assault on Jacob Milchman, February 13, 1933, with a deadly weapon with intent to rob. The second count charged the identical offense to have been committed on the same subject at the same place February 27, 1933. The third count charged the plaintiff in error with aggravated assault on Jacob Milchman February 13, 1933, and the fourth count charged plaintiff in error with an aggravated assault on the same subject February 27, 1933. Trial resulted in a verdict of guilty on all four counts and a sentence of five years in the State penitentiary at hard labor on the first count, judgment on the verdict as to the other counts having been reserved by

the court. The instant writ of error was prosecuted to that judgment.

Under the information as cast a predicate was laid for conviction of assault with intent to rob or of aggravated assault in one of each of two instances but it laid no predicate for conviction of both offenses in each of the two instances. In the four counts only two assaults are possible of proof. Under the law of this State assault with intent to rob is a felony while aggravated assault is a misdemeanor. In the very nature of the case both could not grow out of the same transaction. The most that plaintiff in error could have been convicted of under the information would have been assault with attempt to rob under counts one and two or aggravated assault under counts three and four, as counts one and three and two and four involved identical charges.

As to counts one and two the evidence fails to show any intent whatever to rob. It shows that an assault was committed on the prosecuting witness February 13 with a wire cable and that on February 27 a second assault was committed on him at the same place and about the same time of day with a blackjack. It is shown that although no one else was present the assailant fled without an attempt to take anything from his victim or to further molest him in any way.

This Court has repeatedly held that where an indictment charges an assault with intent to commit a felony the intent is an essential ingredient of the crime charged and must be proven. Davis v. State, 22 Fla. 633; Simpson v. State, 81 Fla. 292, 87 So. 920; Smith v. State, 87 Fla. 502, 100 So. 738; Montsdoca v. State, 84 Fla. 82, 93 So. 157.

For the reasons as thus stated the judgment below is reversed and a new trial awarded.

Reversed.

432

Davis, C. J., and Ellis, J., concur.

Whitfield, P. J., and Buford, J., concur in opinion and judgment.