## VICTOR POTTINGER v. STATE.

165 So. 276.
Division B.
Opinion Filed January 22, 1936.

406

*George M. Okell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

TERRELL, J.—Plaintiff in error was informed against, tried, and convicted in the Criminal Court of Dade County for the larceny of an automobile contrary to Section 5142, Revised General Statutes of 1920, Section 7243, Compiled General Laws of 1928. He was sentenced to five years in the State Penitentiary and now seeks relief from that judgment by writ of error.

It is contended that the verdict was contrary to the law and the evidence, that the charge of the court did not correctly state the law of the case, and that error was committed in the refusal of charges requested by the plaintiff in error.

The record reveals that plaintiff in error was a young man twenty-one years of age, he was employed in the county, and received his pay envelope at noon on the day the offense for which he stands convicted is alleged to have been committed. In the afternoon in the exercise of his personal liberty and democratic propensity, he undertook to visit and patronize all the barrooms and night clubs in the Miami area. Like the Prodigal Son, he had friends a plenty until the collapse of his pay envelope when all forsook him but one named Robinson. Having become footsore and weary and his belly filled with "liquor, beer, and other stuff" instead of corn husks, he and Robinson, who had heretofore traveled on foot, entered the automobile of

the prosecuting witness which they found parked on the street unlocked, and continued their visitations as before.

The missing automobile was promptly reported to the police department and was located before midnight at one of the night clubs near by. Robinson was in the car and was arrested when it was apprehended, but plaintiff in error was patronizing the club. On his return to the car a little later the glimpse of a cop standing by reacted like a transfusion of rabbit blood, agitating him to flee under fire, but he was arrested during the night in a downtown hotel. The car was returned to the owner the following day unharmed.

The information did not follow the statute (Section 7243, Compiled Geenral Laws of 1927) under which it was brought and the evidence to prove the offense charged falls short of that degree of certitude required under our decisions. We find nothing in the evidence as summarized to show a felonious intent to steal and permanently deprive the owner of the automobile which is a necessary ingredient to the crime charged. Granquist v. State, 86 Fla. 32, 97 So. 205; Morton v. State, 72 Fla. 265, 73 So. 187; Hogan v. State, 50 Fla. 86, 39 So. 464; Smith v. State, 87 Fla. 502, 100 So. 738.

The trial court committed reversible error in charging the jury that "under the law there could be no further prosecution about this transaction." At best the evidence would support nothing more than a charge under Section 5229, Revised General Statutes of 1920, Section 7348, Compiled General Laws of 1927. The instant prosecution would not bar one under the latter act.

The offense for which plaintiff in error stands convicted is entirely separate and distinct from that defined and punished by the last cited statute. The prohibition of the com-

mon law and our Constitution against second jeopardy for the same offense has reference to the identical act or crime. Not the same offense *eo nomine,* but by the same crime, transaction, or omission, the test being whether the defendant has been twice in jeopardy and not whether he has been tried before for the same act. 16 C. J. 263; Wallace v. State, 41 Fla. 547, 26 So. 713.

Under the facts as presented plaintiff in error was entitled to the charges requested and refused, but it becomes unnecessary to discuss them.

The judgment below is reversed.

Reversed.

WHITFIELD, C. J., and BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., dissent.

ELLIS, P. J. (dissenting).—I do not agree with the conclusion reached in this case. The plaintiff in error, as stated in the majority opinion, was convicted of the offense of larceny of an automobile. The information was in proper form. No objection was made to its sufficiency.

I agree to the summing up of the evidence in the opinion, although I do not agree that voluntary intoxication and the taking of an automobile, the property of another, without the latter's consent, by one so intoxicated, and appropriating it to his own use, which the necessities, exigencies or convenience of the occasion suggested, is the exercise of personal liberty and democratic propensities.

The information charged that Pottinger on a certain date in the County of Dade "did then and there unlawfully and feloniously take, steal and carry away one certain motor vehicle." The vehicle is then sufficiently described.

The statute, Section 7243 C. G. L. 1927, denounces the offense of the larceny of an automobile as a felony, and provides the punishment for committing such an offense.

The accused went to an automobile which was parked on the street. He found that one door of the vehicle was locked. His friend with whom he was associated went to the other side of the vehicle, found the door unlocked, and entered the car. The accused entered and they both went away in it and did not return it. The automobile several hours afterwards was found some distance away from the place from which it had been taken and still in the possession of the accused and his associate, who was a different person from the one who was associated with him when the automobile was taken and driven away.

So the accused exercised control over the vehicle, used it for his own purpose, intended, according to his own statement, to take his friend and some young woman riding in it. He was frustrated in that purpose by the tardiness of his friend in making a suitable toilet and the untimely appearance of the policemen who were in search of the car. When the accused came out of the night club, to which he had repaired for another drink, and saw the policemen at the car, he ran away, and did not stop when the policeman fired his pistol at him.

This jurisdiction holds to the doctrine that an intent to convert the article taken to the use of the person taking it, or some other person other than the owner, is an element of the offense of larceny, Driggers v. State, 96 Fla. 232, 118 South. Rep. 20.

The accused removed the automobile from the place where the owner wanted it to be and where he had placed it. That was a complete termination of the owner's possession.

The accused proceeded to use the property as his own, subjected it to his own use, utilized it and the fuel with which it was supplied for the purpose of transporting him-

self and his companions about the city. This use was continued for several hours and was interrupted only by the appearance of the policemen who were in search of it. The statement that the accused did not intend to steal the automobile lay only in his own mouth after his arrest.

The owner of the car recovered the vehicle the following morning. There was one tire missing. So the accused appropriated part of the automobile equipment, gasoline, and a spare tire and rim absolutely and permanently to his own use.

How long may a person keep and use an automobile, the property of another, without the owner's knowledge, or consent; devote it to the use, pleasure and service of the taker before an appellate court may discover in the wrong-doer's conduct a purpose to deprive the owner of his property? How much of the vehicle's equipment, oil, gas, tires and other essentials may the taker of the vehicle appropriate to his own use for pleasure or convenience before an appellate court will perceive in the transaction an intent to deprive the owner of his property?

The matter of the intention with which a wrongdoer takes and carries away property of another without the latter's consent is a subject for consideration by the jury in connection with all the circumstances of the case. See Gustine v. State, 86 Fla. 24, 97 South. Rep. 207, Groover v. State, 82 Fla. 427, 90 South. Rep. 473, 26 A. L. R. 373; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Flowers v. State, 106 Fla. 686, 143 South. Rep. 612.

In the last cited case the intimation is strong that the person who took the automobile, Clyde Jones, was guilty of larceny. It is true that he took it out of the State, but he and his friends were returning when he and they were arrested in the State of Georgia.

The cases cited in the majority opinion to support the proposition that the evidence is insufficient to show a felonious intent to steal in my opinion are not analogous. The case of Granquist v. State, 86 Fla. 32, 97 South. Rep. 205, affirmed the judgment of the lower court upon a charge of breaking and entering with intent to commit a felony. The evidence was not considered by the Court because not properly presented in a properly authenticated bill of exceptions.

The case of Morton v. State, 72 Fla. 265, 73 South. Rep. 187, affirmed the judgment of the lower court upon the charge of an attempt to have carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years. The question was upon the sufficiency of the information. No evidence was considered.

The case of Hogan v. State, 50 Fla. 86, 39 South. Rep. 464, was one in which the accused was indicted for an attempt to commit rape. The indictment was held to be bad and the conviction of the accused reversed.

The case of Smith v. State, 87 Fla. 502, 100 South. Rep. 738, was one in which the accused was charged with assaulting his wife by striking her with his fist and destroying her right eye with malicious intent to maim and disfigure her. The court held that where a specific intent is required to make an act an offense the doing of the act does not raise the presumption that it was done with that specific intent. The judgment of conviction was reversed. Mr. Justice WEST dissenting. The Court in its majority opinion held that "no evidence was adduced from which such malicious intent could reasonably have been presumed."

In that case the Court seemed to rest its conclusion mainly upon incidents which occurred after the assault was made, such as that the wife made no complaint against her hus-

band, that he paid her doctor's bills and that they lived to-
gether as husband and wife until after the indictment was
found three months later.

The controlling fact leading to that conclusion seems to
me to have been that Smith struck his wife during a quarrel
between them while he was intoxicated; that his act was
the result of a sudden impulse superinduced by his state
of intoxication and sudden anger arising upon the quarrel
with his wife, which seemed to negative the idea of a ma-
licious intent to maim and disfigure her. I apprehend that
the fact of intoxication did not operate to excuse or justify
his act and that if instead of striking her he had held her
in his arms and deliberately gouged her eye out the judg-
ment would have been different.

In the case at bar, the fact of the intoxication of the ac-
cused did not excuse or justify his act in taking the auto-
mobile in the morbid conception of "personal liberty and
democratic propensities." Indeed there was no evidence of
his intoxication at the time he took the automobile and
drove it away which he could only do by appropriating the
gasoline which was in the car and a part of its equipment.

The intent to appropriate the machine to his own use and
deprive the owner of his property was a question of fact
to be determined by the jury from all the circumstances of
the case. That question was submitted to the jury and it
was determined against the accused. The intention enter-
tained by him at the time he removed the vehicle deter-
mines the nature and quality of his guilt. There is no
doubt that he deliberately intended to take it away from
the place where the owner had left it, and to appropriate it
to whatever use and conveinence to him which his morbid
notions of personal liberty might suggest to him. To that
end he began by taking possession of the machine, appro-

priating the motive power to that end and afterwards removing an accessory and hypothecating it for whiskey which he desired to consume. The fact that he did not wreck the car, or leave it at some secluded place and abandon it, cannot be invoked by him to show his lack of intention to deprive the owner of it.

I think the judgment of conviction should be affirmed.

BROWN, J., concurs.