TILLMAN PEARSON, Judge.
The appellant was charged in two separate counts with: (1) assault with a deadly *462 weapon, to-wit: a pistol, upon Lowarl Hughes with, intent to commit murder in the first degree, and (2) assault with a deadly weapon, to-wit: a pistol, upon Lowarl Hughes with intent to commit a felony, to-wit : robbery. The jury found the appellant guilty of aggravated assault as to Count One and guilty as charged as to Count Two. He was adjudicated guilty and sentenced to five years on the first count and ten years on the second, the sentences to run concurrently. He has appealed the judgments and sentences.
The appellant presents three points on appeal. Under the first point it is urged that the trial court committed prejudicial error in permitting the prosecuting attorney to comment on the failure of the accused to testify and in not granting a mistrial. In order to understand this point, it is necessary to set out some of the facts revealed by the record.
The appellant was picked up by a policeman in Miami Beach when the policeman answered a call reporting an attempted robbery. The policeman testified that he found the appellant stooping behind a hedge and that when he questioned the appellant as to his reason for being in the vicinity, the appellant stated “he was by himself” and “some guy named Sam had brought him over to the island to look for his wife.” A detective testified that when he interviewed the appellant, the appellant changed his original story to “he and two other fellows had come on the island” and “he was looking for a fellow who had a car that he was interested in.” A witness who was acquainted with the appellant testified that on the day fol-’ lowing the alleged attempted robbery, the appellant said to him “a friend had brought him on the island” and “he was supposed to be looking for his wife or something.”
The appellant did not take the stand in his own defense. In closing argument, the assistant state attorney discussed the matter of the conflicting stories testified to by the State’s witnesses by saying:
“* * * ask Mr. Achor to explain these three stories that this defendant gave on various occasions. See if he can explain these three stories that he told other people. And I am interested in hearing the explanation of these three — I will call them— let’s be candid, these wild stories. * * * ”
Subsequently in his final closing argument the assistant state attorney said:
“* * * and then, his story, three different stories. I asked Mr. Achor, and I wrote it down here. I said ‘now gentlemen, I want you to listen very carefully to Mr. Achor and see if he can explain away, or if he can explain to you these three different fairy tales that this defendant told the police and different people at different times.’ I asked him. He has yet to do it. * * ”
The same matter was again referred to in the same argument when the assistant state attorney stated:
“Mr. Achor has not answered any of my questions. What about those three stories. He cannot answer them. * * ”
It is well established in Florida that any comment by a prosecuting attorney which may be interpreted as a comment upon the failure of the defendant to testify encroaches upon the defendant’s rights under § 918.09 Fla.Stat., F.S.A. Otto v. State, Fla.App.1961, 126 So.2d 152.
The question then becomes whether or not the above quoted remarks may reasonably be interpreted as a comment upon the failure of the defendant to testify. It will be observed that in each instance the assistant state attorney asked for an explanation by the defendant’s counsel and not by the defendant It must also be observed that in each instance the discrepancy in the reported statements by the defendant could have only *463 been properly explained by the defendant and not his attorney.
In Way v. State, Fla.1953, 67 So.2d 321, the Supreme Court of Florida had before it a very similar case in which the comment of the prosecuting attorney referred to the defense attorney at trial and to a failure to explain the actions of the defendants. The court held that the comments were calculated to call to the attention of the jury the fact that the defendants did not testify on their own behalf and reversed the case for a new trial. Cf., Otto v. State, Fla.App. 1961, 126 So.2d 152.
The State urges first that to hold the comments quoted to be reversible error would be to abridge the right of the prosecuting attorney to characterize and comment upon the evidence before the jury. See Smith v. State, Fla.1956, 90 So.2d 304. It must be recognized that the interest of justice requires that the State be allowed to comment on the evidence; yet, it is clear that the comment must not exceed the restrictions set forth in § 918.09 Fla.Stat., F.S.A. The courts of this State have jealously defended the privilege of one’s constitutional right not to be forced to testify against himself. It should be pointed out that while comment may be made upon the evidence, it must be made in such a way that it does not constitute a challenge to the defendant for his failure to testify.
The second response made by the State in reply to this point is that the counsel for the defendant failed to object to the comments complained of at the time of trial. We think that due to the peculiar facts involved here there was no waiver for failure to object. As has been pointed out by the Supreme Court of Florida, such comment creates in the mind of the average juror an ill-founded and prohibited prejudice which cannot be erased, either by apology or judicial admonition. Barnes v. State, Fla.1952, 58 So.2d 157. See also Carlile v. State, 129 Fla. 860, 176 So. 862 (1937). We conclude that objection would have availed the appellant nothing and that reversible error exists in spite of a failure to object.
The appellant has presented two additional questions which we do not think it is necessary for us to discuss at length because of our conclusion on the first question. Nevertheless, it may be of aid to the court upon retrial for us to comment upon appellant’s contention that he was sentenced for one crime charged in two different ways, i. e., aggravated assault under Count One and assault with a deadly weapon with intent to commit a felony, to-wit: robbery under Count Two. It is our view that the two sentences could not, under the facts of this case, have been imposed inasmuch as the jury rejected the charge that there was an assault with intent to commit murder. As a result the remaining charge under Count One constituted merely an allegation of aggravated assault which consisted of nothing more than the same act charged in Count Two.
It has been held that under counts charging, respectively assault with a deadly weapon with intent to rob and aggravated assault, where both charges arose out of the same transaction, a conviction could be had only on either count and not on both. Fesser v. State, 113 Fla. 430, 151 So. 889 (1934). Therefore, the appellant could have been sentenced on only one of the counts of assault.
This holding should not be construed as a holding that the original counts were repugnant or that an election by the State should have been required. We hold that the counts as originally framed were not repugnant to each other, nor would conviction under one of the counts as originally framed have precluded conviction under the remaining one. Channell v. State, Fla.App. 1958, 107 So.2d 284.
Accordingly, the judgment and sentence are reversed and the cause remanded for a new trial.