CARROLL, DONALD K., Judge.
The State has appealed from an order entered by the Circuit Court for Marion *348 County quashing a grand jury indictment filed against the appellee.
The question for determination in this appeal is whether the said indictment sufficiently charges the appellee with committing the crime of attempt to rape or assault with intent to commit rape.
The indictment in question charges that in the said county cn a certain date the appellee made an assault upon a certain girl and “did then and there attempt to ravish and carnally know” the said girl. The indictment was entitled, “Indictment for Assault with Intent to rape.”
The appellee, the defendant below, duly filed a motion to quash the said indictment on the grounds of duplicity, vagueness, and insufficiency. At the hearing on the motion the prosecutor stated to the court: “The State intends to file an indictment and then ask the court to dismiss this indictment. * * * This indictment charges a crime for which the grand jury, as I understand their deliberations, did not intend to charge him with. * * * The indictment charges, if anything, your honor, the crime of attempted rape. The grand jury intended to indict him for assault with intent to rape. That’s what the State Attorney intends to file an information on.” At the same hearing the appellant’s attorney argued that the indictment fails “to place an intent, which is essential under the laws of Florida.” At the end of the hearing the court granted the appellee’s motion to quash the indictment by entering the order appealed from herein.
The question, then, is whether the indictment sufficiently charges the commission by the appellant of the crime of assault with intent to commit rape or the crime of attempted rape. The State in its appellate brief candidly and correctly concedes that, if it had undertaken to charge the offense of assault with intent to rape, the words “with intent to rape” would have to appear in the indictment. The necessity of such an allegation was declared in Davis v. State, 35 Fla. 614, 17 So. 565 (1895), Hamilton v. State, 133 Fla. 481, 182 So. 854 (1938), Fesser v. State, 113 Fla. 430, 151 So. 889 (1934), and Dallas v. State, Fla.App., 170 So.2d 486 (1965).
Similarly, the appellee contends in this appeal that the indictment insufficiently charges the crime of attempted rape because of the failure to allege an intent to rape. This contention is well founded upon the established rule in Florida that an-indictment purporting to charge an attempt to commit a crime must allege an intent to commit the crime. See Turner v. State, 100 Fla. 1078, 130 So. 617 (1930), D’Allessandro v. Tippins, 101 Fla. 1275, 133 So. 332 (1934), and Taylor v. Chapman, 127 Fla. 401, 173 So. 143 (1937). For instance, in the D’Allessandro case, supra, involving a purported charge of attempted arson, the Supreme Court of Florida held the indictment insufficient and declared:
“It will be observed that the indictment does not allege that the defendants had then and there the intent to commit the crime alleged to have been attempted, and therefore it failed to charge the commission of an offense under the provisions of Section 5403, Rev.Gen.St. 1920, section 7544, Comp.Gen.Laws 1927.”
The statutory provisions just referred to are the predecessors of the provisions now reported as Section 776.04, Florida Statutes, F.S.A., defining the crime of attempts to commit an offense prohibited by law and prescribing the punishment for such a crime.
Since the indictment before us fails to' charge that the appellant had the intent to commit rape, the indictment insufficiently alleges that the appellant committed either the crime of assault with intent to rape or the crime of attempted rape. The court, therefore, properly entered the order appealed from quashing the indictment, and so that order must be and it is
Affirmed.
RAWLS, C. J, and JOHNSON, J., concur.