980 So.2d 1205 (2008)
Rafael PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-495.
District Court of Appeal of Florida, Third District.
April 30, 2008.
Rafael Perez, in proper person.
Bill McCollum, Attorney General, and Richard L. Polin, Criminal Appeals Bureau Chief, for appellee.
Before GERSTEN, C.J., and SHEPHERD and ROTHENBERG, JJ.
PER CURIAM.
Rafael Perez ("Perez") appeals the denial of his petition for writ of mandamus. We reverse.
It is well settled that an official court reporter has a duty to transcribe court proceedings upon a request and an offer of payment. Turner v. State, 100 Fla. 1078, 130 So. 617, 618 (1930). If the court reporter fails to transcribe the proceedings upon the request and offer, mandamus lies to compel the court reporter to perform this duty. State ex rel. Brown v. Dewell, 123 Fla. 785, 167 So. 687 (1936).
Additionally, upon receiving a petition for writ of mandamus, a trial court must first determine whether the petition is facially sufficient. If the petition is facially sufficient, the trial court must then require the respondent to show cause why the writ should not be issued. If the petition and response raise disputed factual issues, the trial court should resolve them upon proper evidence, which may include undisputed affidavits. Radford v. Brock, 914 So.2d 1066, 1067 (Fla. 2d DCA 2005).
Here, Perez' petition for writ of mandamus alleges sufficient grounds for mandamus. The petition alleges that Perez requested the court reporter to notify him of the cost for transcribing his sentencing hearing. Perez also alleges that the court reporter never responded. Faced with a legally sufficient petition, the trial court should have issued a rule to show cause to the court reporter.
Accordingly, we reverse the order summarily denying the petition for writ of mandamus, and remand for further proceedings consistent with this opinion.
Reversed and remanded.