JOHN KIRK, *Petitioner,* v. ANGUS MORRISON, as Sheriff of Wakulla County, Florida, *Respondent.*

146 So. 215.

Division A.

Opinion filed January 25, 1933.

*B. K. Roberts,* for Petitioner.

*Raney Whaley,* for Respondent.

PER CURIAM.—An affidavit was filed before the County Judge of Wakulla County, Florida, in which it was charged that the defendant therein named, John Kirk, did a felony commit in that he did then and there feloniously have, keep, exercise and maintain a gambling device, commonly called a "slot machine" for the purpose of gaming or gambling.

In addition to the foregoing, it was alleged that the "slot machine" involved was operated in a particular manner described in the affidavit as follows: The patron deposits a nickel in the slot, pulls a handle, turns a knob, and receives in every instance when a nickel is used, a five-cent package of mints for his nickel; the operation of the machine also involves the setting in motion of a device connected with it designed to give out, at occasional intervals, certain brass tokens; the brass tokens given out do not have any cash, merchandise or exchange value but are so made that they may be used in the machine for the purpose of operating its mechanism for all purposes except the receipt of another package of mints or anything else of value; the operator for his nickel receives upon each operation of the machine when money is deposited in it, the uniform and fair value of a package of mints with which the machine is kept loaded for the purpose of vending the same at the price of five cents per package; the operator is advised in advance of each

operation by a card placed conspicuously on the front of the machine, just exactly what he will receive as the result of each operation; the brass tokens, not having any cash, merchandise or other value, and not being redeemable in any way, are offered as an inducement to sell mints, by giving to the mint purchaser in certain occasional instances, two or more such brass checks for the purpose of again operating the mechanism of the machine (apparently), for amusement purposes in seeing it operate without vending any mints.

Petitioner was arrested on a warrant based on the foregoing affidavit and seeks relief in this Court by writ of *habeas corpus*, on the ground that what is alleged in the affidavit aforesaid does not amount in substance to a charge of violating Section 7657 .C. G. L., 5499 R. G. S., which reads as follows:

"Whoever * * * has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus * * * for the purpose of gaming or gambling * * * shall be punished by imprisonment in the State Prison not exceeding three years, or by fine not exceeding five thousand dollars."

There is no law in Florida prohibiting the operation of "slot machines" merely because they are slot machines. Slot machines *per se* are not unlawful, but they may be unlawful if designed to operate for the purpose of gaming or gambling. And slot machines may be so constructed as to constitute gambling devices *per se,* or they may become gambling devices by the manner in which they are actually used, although not intrinsically designed or constructed as gambling machines.

A "slot machine" is a gambling device where its operation is such that the player in any event will receive something, but stands a chance to win something. in addition. Where

it is alleged that a particular slot machine is a gambling device, the gist of the offense is the use that is made of the machine by the players for the purpose of winning something of value according to hazard or chance in the machine's manner of operation. A "slot machine" is a gambling device *per se* when it is so *constructed* that in its ordinary operation it combines the element of chance with the inducement of being able to receive something of value for nothing by means of playing it according to directions. 27 C. J. 989; 12 R. C. L. 729-730.

Section 7657 C. G. L., 5499 R. G. S., *supra,* in making the offense therein denounced a felony, and severely punishable as such, contemplates that the gaming implements or apparatus therein referred to shall be such as may be played for money or "other valuable thing." As was said in Ponder v. State, 76 Fla. 526, 80 So. Rep. 311, and McBride v. State, 39 Fla. 442, 22 So. Rep. 711, the purpose of the particular statute now under consideration was not to prohibit the gaming or gambling itself, but was to prohibit the keeping, exercising, or maintaining of gambling tables, rooms, or gambling implements or apparatus, or the procurement, suffering or permitting of any person to play for money or other valuable thing at any game whatsoever, whether forbidden or not.

Section 7657 C. G. L., 5499 R. G. S., is broad enough to cover the keeping for gambling purposes of that class of "slot machines" which may not be gambling devices *per se,* but which are procured, suffered or permitted to be played for gaming or gambling purposes by any person for money or other valuable thing. That section also directly covers the keeping, maintenance or exercising of "slot machines" which are gambling devices *per se,* as well as the procurement, suffering or permitting of others to operate such "slot machines" as are *per se* gambling devices.

The affidavit before us in the present case is repugnant and inconsistent in its allegations in that in one portion of it the unconditional allegation is made that the defendant kept a "slot machine" for the purpose of gaming or gambling. But in a subsequent portion of the same affidavit it is plainly stated that the slot machine in question is not *per se* a gambling device nor permitted to be used for gambling, but is designed and used only for the innocent purpose of vending mints, not involving a playing upon the same "for money or other valuable thing" in violation of the statute prohibiting the keeping of a "slot machine" for unlawful purposes.

If we accept as true the allegations of the latter portion of the affidavit, the "slot machine" kept by the defendant was not a gambling device *per se* because these latter allegations concede, on the face of the charge itself, that there is no element of chance for the winning or losing of money, or any check or memoranda calling for money, "or other valuable thing" through the playing of same in the ordinary way it is designed to operate, if such machine, as constructed, remains unchanged.

Neither is it charged in the affidavit anywhere that, though not designed for gambling, that the machine is being suffered or permitted to be used or kept for use for gaming or gambling. The mere keeping of a slot machine under such circumstances cannot therefore be considered as unlawful *per se,* under Section 7657 C. G. L., *supra.* People v. Jennings, 257 N. Y. 196, 177 N. E. 419; Overby v. Oklahoma City, (Okla. Cr. Appl.), 287 Pac. 796.

In some States every "slot machine" is by statute to be deemed a gambling device. But in States such as ours, where no such statutory definitions exist, the use to which a "slot machine" is put, or designed to be put, must determine its character as a device for gaming or gambling. The

courts are not permitted to take judicial notice that every slot machine, as such, is a gambling device. See Note, 20 Ann. Cas. 131.

The United States Circuit Court of Appeals for this Circuit has said in connection with slot machines of the kind here involved: "It may be that the device is susceptible of being used for gambling; but that is not enough to make it illegal. A trial on the merits may demonstrate that it was so used." Ashcraft v. Healey, 23 Fed. (2nd.) 189.

The charge under which the petitioner is held, while repugnant, contradictory and inconsistent in its allegations, as we have heretofore said, does nevertheless contain within its four corners the statement of a valid charge of violating the section of the statute upon which it is based. It could easily be amended to correctly state such a charge by eliminating therefrom all the unnecessary allegations and surplusage appearing therein. Only a hearing of the evidence which may be adduced in support of the attempted charge, can demonstrate whether or not the defendant should be held for investigation of his case by the Grand Jury. We cannot say on this *habeas corpus* proceeding that the affidavit wholly fails to state the essential elements of an offense under a valid statute, therefore unconditional relief by *habeas corpus* is not available. Spooner v. Curtis, 85 Fla. 408, 96 So. Rep. 836.

On *habeas corpus* proceedings the Court will inquire whether the complaint upon which the defendant is held, or has been convicted, charges a public offense, and when it finds that to the charge preferred no criminality is attached by law, the party imprisoned will be discharged. Bell v. Gregory, 89 Fla. 293, 103 So. Rep. 832; *Ex parte* Garvey, 84 Fla. 583, 94 So. Rep. 381.

Where, however, in a *habeas corpus* case the record discloses an attempted charge of crime, wholly insufficient to

support a conviction and commitment under such charge as it appears set forth in an affidavit, information or indictment, but the record shows probable cause to believe that the defendant has violated a valid criminal statute of the State, the proper order to be made is that the defendant be conditionally discharged from his commitment to await further action of the prosecuting authorities or of the Grand Jury, in default of which he should be absolutely discharged. See D'Allessandro v. Tippins, 101 Fla. 1275, 133 So. Rep. 332.

The affidavit in the present case does in the first instance charge an offense under the statute. But it subsequently undertakes to negative the actual charge made, by setting forth evidentiary particulars of the alleged offense which are neither necessary nor proper to be set forth as a part of the statement of the charge that is attempted to be brought. There consequently appears on the face of the affidavit under which petitioner is being held, an irreconcilable inconsistency and repugnancy which is fatal to the sufficiency of the attempted pleading as such. But the charge as stated, insufficient though it may be, is nevertheless sufficient to indicate that probable cause may exist to believe that the defendant has violated the criminal statute upon which a portion of the stated charge is predicated.

In consideration of the foregoing, the petitioner should be discharged from custody under the warrant on which he is now held, but committed to the custody of the Sheriff of Wakulla County for further proceedings according to law, to be instituted against him within five days, in default of which he is ordered absolutely discharged from custody. Let judgment be entered accordingly.

Prisoner conditionally discharged.

Davis, C. J., and Whitfield, Terrell and Buford concur.