## C. G. WILSON v. STATE.

177 So. 216.
Division B.
Opinion Filed November 5, 1937.
Rehearing Denied December 7, 1937.

828

*Bart A. Riley,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—The parties will be referred to in this opinion as they appeared in the court below as the State and defendant. On the 2nd day of February, 1937, Robert R. Taylor, County Solicitor for the County of Dade, filed an information in the Criminal Court of Record charging C. G. Wilson with operating a gambling house. The information contained three counts. The defendant on trial was acquitted on counts 1 and 3 and convicted on count 2 of the information. The information was drawn under Section 7657 and 7658, Comp. Gen. Laws 1927, making it unlawful for any person, servant, clerk or agent, or in any other manner, to have, keep, exercise, or maintain a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling, or in any place of which he may directly or indirectly have charge, control or management, either exclusively or otherwise * * * And Section 7658 makes it unlawful for a person to act as servant, clerk, agent or employee of any person in the violation of the previous section, being Section 7657, Comp. Gen. Laws, 1927.

The defendant was duly arraigned, and through counsel entered a plea of not guilty to each count of the information,

and on the 2nd of February, 1937, was placed on trial, and, after hearing the testimony, argument of counsel and the charge of the court on the law, the jury returned a verdict of guilty as charged in the 2nd count of the information, and a motion for a new trial and arrest of judgment were overruled and the defendant sentenced to the State Penitentiary for a period of four months, and from this judgment writ of error was taken, bill of exceptions signed, transcript of record filed here, with assignments of error for reversal.

The first assignment of error presented is that the lower court erred in not sustaining defendant's motion for a verdict of not guilty on each of the counts of the information. We have read the testimony offered consisting of Exhibits and testimony of Ray Martens and I. R. Mills, and it will be observed that each of these witnesses was thoroughly examined by counsel for the defendant on cross examination. There was no error on the part of the lower court in overruling defendant's motion for a directed verdict. It was a question of fact to be settled by the jury on appropriate instructions. See: Section 4363 C. G. L., and Gravette v. Turner, 77 Fla. 311, 81 Sou. Rep. 476.

The second assignment of error is predicated on defendant's motion in arrest of judgment, and the grounds thereof being: First, that said information does not properly charge the offense contemplated in the statute wherein it refers to agency; second, the information is so improperly drawn that it would not prevent a subsequent prosecution and conviction for the same offense.

As pointed out, *supra,* the counts of the information were drawn under Sections 7657 and 7658, *supra.* This Court has in a previous decision interpreted the statutes under which the defendant stands convicted in the case of Mc-

Bride v. State, 39 Fla. 442, text p. 448, 22 Sou. Rep. 711, where this Court said:

"The purpose and intent of the section of the statute under discussion was to prohibit, not the gaming or gambling itself, but the *keeping of a house* or other place for any manner of gaming or gambling. If money or other thing of value is staked or wagered therein, upon any result or event whatsoever, such house falls within the inhibition of this statute, whether the means adopted for the decision of the question as to who is the winner or loser of the amount wagered be a game prohibited by law or not."

See: Reinmiller v. State, 93 Fla. 462, 111 Sou. Rep. 633; also Ponder v. State, 76 Fla. 526, 80 Sou. Rep. 311.

The third assignment of error is the order of the lower court overruling and denying defendant's motion for a new trial. The grounds of the motion are: First, the court erred in denying the motion for a directed verdict; second, the court erred in admitting in evidence the telephones and other paraphernalia; third, there was not sufficient legal evidence to warrant a conviction. It will be observed that the grounds in support of the motion for a new trial involve largely the motion filed by the defendant at the close of all the evidence for a directed verdict of not guilty. The only point involved on the sufficiency of the evidence is whether or not the State has offered sufficient evidence to sustain the material allegation of the information. We have read the testimony and find that it was a question for the jury to determine on appropriate instructions given by the trial court. In the case of Knight v. State, 60 Fla. 19, 53 Sou. Rep. 541, this Court had before it the sufficiency of the evidence to sustain the verdict as found by the jury, and in passing upon the question the Court said.

"There is evidence to support the verdict and as there is

nothing in the record to indicate that the jury were not governed by the evidence, the verdict will not be set aside as being against the evidence. The credibility and weight of the testimony were determined by the jury. Caldwell and Larkins v. State, 50 Fla. 4, 39 South. Rep. 177; Clinton v. State, 58 Fla. 23, 50 South. Rep. 580."

We find that substantial justice was awarded in the Court below and for this reason the judgment appealed from is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

177 So. 204.
Division B.
Opinion Filed November 5, 1937
Rehearing Denied December 7, 1937.

*Bart A. Riley,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.