## TOM COOPER v. THE CITY OF MIAMI

36 So. (2nd) 195
July 2, 1948

June Term, 1948
Division A

*Roberts, Holland & Strickland,* for petitioner.

*J. W. Watson, Jr.,* and *John E. Cicero,* for respondent.

SEBRING, J.:

The petitioner has filed a petition to obtain a review by certiorari of an order entered by the Circuit Court of Dade County affirming a judgment of conviction in the Municipal Court of the City of Miami. The record shows that the petitioner was adjudged guilty in said municipal court upon a charge that he "did then and there unlawfully set up and keep a gambling device at which a game of chance, to-wit: betting on horse races was then and there played for money . . . in violation of Section 2 of Chapter 21 of the Code of said City."

The evidence upon which the conviction was based was given by the arresting officer who stated that on several occasions, at a certain bar in Miami, he had observed the pe-

titioner "taking bets and also paying off on winners" on certain horse races being run; that on the occasion of the arrest he saw the petitioner receive money for a bet and hand the better a bet slip upon which was written the amount of the bet that had been made, the initials of the petitioner, and the horse upon which the bet had been placed. This was all the evidence offered by the prosecution and on this the petitioner was adjudged. guilty of the charge preferred against him, after denials by the trial court of motions for directed verdict and new. trial on the ground that the evidence did not sustain the charge and was at variance with the charge.

The gist of the charge upon which the petitioner was tried was the setting up and keeping of a gambling device at which a game of chance was played for money. By the weight of authority; the term "gambling device," as the term is generally employed in penal statutes or ordinances, means the tangible means, instrument, contrivance, or thing at or by which money may be lost or won, as distinguished from the game itself, and includes only such instruments or contrivances as are intended for the purpose of gaming, or such as are used to determine the result of the contest on which the wager is laid. See 24 Am. Jur. pp. 420, 424, Gaming and Prize Contests, Section 31, 36. Such is the obvious meaning of "gambling device" as the term is used in our own statutes and decisions. See Sections 849.01, 849.05, 849.14-849.16, 901.19, Fla. Stat. 1941, F.S.A.; Kirk v. Morrison, 108 Fla. 144, 146 So. 215; Pasternack v. Bennett, 138 Fla. 663, 190 So. 56. The manifest purpose and intent of a statute or ordinance forbidding the setting up and keeping of a gambling device at which games of chance are played for money is to prohibit not the gaming or gambling itself but the maintenance and operation of a device upon or by means of which gaming or gambling is permitted. See McBride v. State, 39 Fla. 442, 22 So. 711; Reinmiller v. State, 93 Fla. 462, 111 So. 633; Wilson v. State, 129 Fla. 827, 177 So. 216.

It is plain from the evidence that the prosecution did not prove the charge lodged against the petitioner but proved, at most, an entirely different offense punishable by an entirely different ordinance, namely, gaming or gambling by taking

bets upon a horse race without the intervention of a gaming or gambling device of any kind. Therefore, the allegations of the charge were not supported by the evidence, and the motion of the petitioner for a directed verdict and for a new trial should have been granted. Furthermore, the Circuit Court of Dade County should have reversed the judgment entered by the municipal court, when the matter came there on appeal, for there was a complete absence of evidence in the record to support lawfully the judgment of conviction that was entered on the charge preferred.

It is so well settled as to need no citation of authority that every person accused of crime is entitled to be informed of the nature of the accusation against him. This right requires that the charge be stated with such clearness and necessary certainty as to apprise the accused of the charge he will be called on to meet at the trial, so that he will not be misled in the preparation of his defense and so that he will be protected after conviction or acquittal from substantial danger of a new prosecution for the same offense. It is equally well settled that an accused is entitled to have the charge lodged against him proved substantially as laid, and that he cannot be prosecuted for one offense and convicted and sentenced for another, even though the offenses are of the same general nature or character, or carry with them the same penalty. See Penny v. State, 140 Fla. 155, 191 So. 190. There are well-established principles for the protection of the innocent that govern the framing of criminal accusations and the introduction of proof to sustain them. If the courts ignore these principles in a case where it may appear that the accused is guilty of some crime, even though the crime proven is not the crime charged in the accusation, or a crime included within the crime charged, the protection that the law intends to afford the innocent will most certainly be destroyed and personal rights guaranteed by the Constitution will amount to nothing.

From the conclusions we have reached it follows that a writ of certiorari should be awarded quashing the order brought here for review, with directions that an order be entered by the Circuit Court of Dade County reversing the judg-

ment and vacating the sentence entered and imposed by the Municipal Court of the City of Miami.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.