THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH BRUNO, JR., Appellant.— Judgment of conviction reversed on the law and facts and indictment dismissed. Memorandum: Although the indictment fails to name any specific section of the Penal Law, there cannot be any doubt that appellant was indicted, tried and convicted of "Keeping a Room Used for Gambling," in violation of section 973 of the Penal Law. However, the only proof offered by the People tended to prove appellant guilty of the crime of either book-making or receiving money bet or wagered on a horse race, within the purview of section 986 of the Penal Law. The two sections refer to entirely separate and distinct offenses and are mutually exclusive. The act prohibited under section 973 is the "keeping" of a room for gambling purposes, while section 986 prohibits pool-selling, book-making, etc., regardless of the place where the act is committed. The Court of Appeals has had occasion to emphasize the distinction between the two sections, and in interpreting them has clearly held that section 973 embraces only cases not specifically provided for by section 986. (*People* v. *Stedeker,* 175 N. Y. 57.) From this we must conclude that section 973 does not comprehend or embrace the keeping of a room or place where bets or wagers are recorded and made on horse races, which offense is exclusively provided for and punishable under section 986. It necessarily follows that the evidence adduced on the part of the People is wholly insufficient to support defendant's conviction under section 973 of the Penal Law. The judgment of conviction should be reversed and the indictment dismissed. We also deem it advisable to call attention to the inadequate manner of recording the conviction and judgment. The clerk's minutes merely state: "Convicted of the crime of Keeping of a Room used for Gambling". There is nothing to show the time and place of keeping said room nor the section of the Penal Law under which defendant was convicted. All concur. (Appeal from a judgment convicting defendant of keeping a room used for gambling.) Present —Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

JULIANNA ASSIMENIOS, Appellant, v. ANDREW GALUSKI et al., Respondents. FRANK ASSIMENIOS, Appellant, v. ANDREW GALUSKI et al., Respondents.— Judgment affirmed, with costs. All concur. (Appeal from judgment for defendant for no cause of action, in an automobile negligence action.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

ROSEMARY SACKETT, Respondent, v. MILTON E. STEARNS, Appellant.—Judgment and order affirmed, with costs. All concur. (Appeal from judgment for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.