HORTON, Chief Judge.
The. appellants were adjudged guilty of gambling and operating a gambling house and sentenced to pay fines or to be imprisoned in the Dade County jail upon the charge of operating a gambling house. Sentence on the conviction of gambling was suspended. This appeal was prosecuted from the judgment of conviction and sentence upon the charge of operating a gambling house.
The sole point for determination is whether or not there is sufficient evidence to support the conviction of the offense of operating a gambling house.
The purpose and intent of the statute (§ 849.01, Fla.Stat., F.S.A.) prohibiting operation of a gambling house is to prohibit not the gaming or gambling itself, but to prohibit keeping of a house or other place for any manner of gaming or gambling. See Wilson v. State, 129 Fla. 827, 177 So. 216; Cooper v. City of Miami, 160 Fla. 656, 36 So.2d 195.
The law appears settled in this jurisdiction that in order to convict a person of operating a gambling house, “the ownership or control of the house must be proven, and then it must be proven that by the owner’s knowledge and consent or direction some game or device condemned as gambling has been habitually played or carried on there.” Creash v. State, 131 Fla. 111, 179 So. 149, 152; see Millman v. State, Fla.1951, 55 So.2d 713; Grossman v. State, Fla.1952, 59 So.2d 59.
Upon review of the record, we conclude that the evidence fails to meet the rule as approved in these cases and therefore the judgment and sentence appealed from must be reversed.
Reversed.
CARROLL, CHAS., J., concurs.
PEARSON, J., dissents.