PER CURIAM.
August Anthony Paolercio was informed against for the offense of “operating a gambling room.” This is a statutory crime under § 849.01, Fla.Stat., F.S.A., which reads as follows:
“849.01 Keeping gambling houses, etc. Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or in cmy place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished by imprisonment in the state prison not exceeding three years, or by fine not exceeding five thousand dollars.” [Emphasis supplied.]
He was tried before the court without a jury and upon judgment of guilty and sentence has brought this appeal. The only question presented is the sufficiency of the evidence as to the allegation that the defendant had control of the premises involved.
The record reveals that by a pre-ar-ranged plan, a sergeant of the Police Department of Dade County entered the room where the gambling activity was being conducted. The appellant was introduced to the police officer by an informer as the manager of the club. The appellant acknowledged his position as manager by welcoming the new prospect, sold him gambling chips, and indicated the table at which poker was being played. By arrangement, the gambling room was raided about this time and the appellant surrendered certain money, claiming all except $100 to be his own. When questioned as to his presence on the premises, appellant stated that he was “handling the action at the game.”
We think these facts were sufficient to establish control of the premises under the section of the statute above quoted.
*526 The appellant relies upon the case of Stanger v. State, Fla.App.1960, 117 So.2d 417, but that reliance is misplaced inasmuch as the case holds simply that one charged must be either the owner with a knowledge of the gambling or the one who actually controls the operation.
Affirmed.