Michael V. Tepedino, J.
This is a motion to dismiss an information charging the defendant with maintaining a gambling establishment in violation of section 973 of the Penal Law. By separate information the defendant is also charged with engaging in book-making in violation of section 986 of the Penal Law. The gist of the 973 information is that the defendant kept and maintained a particular room for accepting and recording bets on horse races and engaged in accepting and recording such bets in this room.
The defendant’s argument is that the acts charged in the 973 information, if constituting any crime, fall solely and exclusively under section 986, which contains a provision for keeping or occupying a room for book-making. Defendant has directed the court’s attention to a 1903 decision of the Court of Appeals, People v. Stedeker (175 N. Y. 57) in which the court, commenting on predecessor sections of the old Penal Code, pointed out that the two sections were adopted by the Legislature on the same day; and, consequently, the book-making activities included in the predecessor to 986 did not come under the provisions of the predecessor to 973, which deals in more general terms with keeping a gambling establishment. Defendant has also drawn the court’s attention to a decision of the Fourth Department, People v. Bruno (281 App. Div. 941 [1953]) which, relying upon Stedeher, held that sections 973 and 986 are mutually exclusive.
The District Attorney, while acknowledging the force of the court’s statements in Stedeher, points to subsequent decisions of Ae Court of Appeals which have affirmed convictions for keepng a book-making establishment under section 973. (People v. Giallella, 273 N. Y. 493 [1936] and People v. Codd, 276 N. Y. 491 [1937].) On the same day the court decided Giallella, it affirmed a conviction for the same conduct under section 986 in People v. Henry (273 N. Y. 494). Moreover, the District Attorney mentions that a fair reading of section 986 leaves open the argument that keeping or occupying a room under this section requires “ writings ”, a result contrary to the intent of the Legislature in its 1910 amendments to the statute and contrary to court holdings that written records are not essential to book-making, e.g., People v. Carpenito (292 N. Y. 498 [1944]).
The court is constrained to agree with the District Attorney. In the face of subsequent decisions of the Court of Appeals upholding book-making convictions under section 973, this court does not consider itself bound to follow Stedeher as a matter of precedent. Precedent disregarded by the high court itself should not impel this court, an inferior tribunal, to dismiss an *359 information under a section of law, the language of which seems to clearly cover the acts charged against the defendant.
No authority has been cited or found by the court precluding a prosecution under a more generally-worded statute simply because another section may more specifically deal with the particular type of conduct involved. The authorities recognize that there is no prohibition to a prosecution under the more general penal provision, provided it is applicable to the situation and no contrary legislative limitation appears. (People v. Bord, 243 N. Y. 595 [1926].) Significantly, the District Attorney cites cases confirming this principle where the overlapping provisions of certain sections of the gambling laws were considered (People v. Mennillo, 299 N. Y. 755 [1949] and People v. Hines, 284 N. Y. 93 [1940], both of which deal with the operation of a policy establishment, and People v. Coppo, 16 Misc 2d 879 [Queens County Ct, 1960], affd. 11 A D 2d 722 [2d Dept., 1960], dealing with lotteries). These cases represent analogous situations in which the court rejected the argument that a more specific gambling section was the exclusive method of prosecution.
Finally, the court notes that while the defendant is entitled to the benefit of every reasonable doubt on the facts, the People are entitled to the benefit of any reasonable doubt the court may have upon the law. (People v. Reed, 276 N. Y. 5 [1937]; People v. Coppo, supra.)
Accordingly, the motion to dismiss the 973 information is in all respects denied.