PER CURIAM.
By an information the appellant was charged with operating a gambling house and with bookmaking. He was tried before the court and found and adjudged guilty. This appeal challenges only the conviction of operating a gambling house. That offense, as defined in § 849.01 Fla.Stat., F. S.A., is as follows:
“Whoever by himself, his servant, clerk or agent, or in any manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished by imprisonment in the state prison not exceeding three years, or by fine not exceeding five thousand dollars.”
The appellant contends, and we agree, that the evidence was insufficient to sustain that conviction. The evidence did not show that gambling had been habitually carried on in the house in question (Cohen v. State, Fla.App.1966, 189 So.2d *275 948), or that the appellant was the owner or in control of the dwelling house which was a material element of the crime charged. No “gaming implements or apparatus” were found therein. See Cooper v. City of Miami, 160 Fla. 656, 36 So.2d 195. We pretermit, as unnecessary to this decision, comment on the legal effect of the fact that the appellant held and possessed a federal gambling stamp. See Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889.
For the reasons stated, the judgment and sentence of and for operating a gambling house is reversed.