HOBSON, Judge.
The appellee-defendant, James Leslie Schell, was informed against in the Circuit Court for the felony of violation of gambling laws under Fla.Stat. 849.01, F.S.A., said information stating in part:
“* * * [0]n the 21st day of October in the year of our Lord, one thousand nine hundred sixty-six, in the County and State aforesaid, did then and there unlawfully and feloniously have, keep, exercise and maintain a gambling room and gambling implements and apparatus for the purpose of gaming and gambling for money, to wit:
“Football cards, football card stubs, betting sheets, records of gambling transactions and money used for gambling purposes, at a place known as The Dew Drop Inn, 4900 Central Avenue, in the City of St. Petersburg, in the County and State aforesaid. * * * ”
Schell had been convicted of a misdemeanor in the Civil and Criminal Court of Record for Pinellas County on the charge of bookmaking under Fla.Stat. 849.25(2), F.S.A. The bookmaking charge to which Schell plead guilty alleged that he had on October 14, 1966 placed a bet on a football game with one Robert France.
Schell filed a motion in the charge under Fla.Stat. 849.01, F.S.A., to suppress all evidence of any kind obtained prior to and including October 14, 1966 (the date of the bookmaking offense) on the ground that he had been convicted of the bookmaking offense on said date based upon the same evidence which the State proposed to use in the prosecution of the felony under Fla.Stat. 849.01, F.S.A.
Schell argued that the use of such evidence would put him in jeopardy for the second time for the same offense because the conviction of bookmaking is a lesser included offense of the felony of maintaining a gambling house and gambling implements under 849.01. Schell also urged other grounds in his motion to suppress which we will dispose of later in this opinion.
The trial court held that Schell would be twice placed in jeopardy for the same offense if one betting card and its corresponding entry on the recapitulation record, which were the basis of the charge of bookmaking on October 14, 1966, were allowed to be introduced at the trial of the felony offense under Fla.Stat. 849.01, F.S.A. All other requests under the motion to suppress were denied.
The State has appealed the trial court’s granting appellee’s motion to suppress the betting card and corresponding entry on the recapitulation sheet. Schell cross-assigned as error the court’s denial of all other portions of his motion to suppress including the court’s denial of suppressing all evidence in possession of the State which related to acts of Schell prior to and including October 14, 1966.
This entire appeal can be disposed of by the determination of one point of law, which is, whether or not the offense of bookmaking under Fla.Stat. 849.25(2), F.S.A. is a lesser included offense of maintaining a gambling house and gambling implements under Fla.Stat. 849.01, F.S.A.
All other points raised by Schell’s cross-assignments of error have been waived under Rule 3.7(i) Fla.App.Rules, 32 F.S.A., 1962 Revision, because such assignments are not argued in his brief.
In answer to the only question involved herein, we hold that an offense of bookmaking under Fla.Stat. 849.25(2), F.S.A. is not a lesser included offense of maintaining a gambling house and gambling implements under Fla.Stat. 849.01, F.S.A.
It has been held time and again in this jurisdiction that the purpose and intent of Fla.Stat. 849.01, F.S.A. is to prohibit not gaming or gambling itself but to prohibit keeping of a house or other place for any manner of gaming or gambling. McBride v. State, 1897, 39 Fla. 442, 22 So. 711; *583 Ponder v. State, 1919, 76 Fla. 526, 80 So. 311; Reinmiller v. State 1927, 93 Fla. 462, 111 So. 633; Kirk v. Morrison, 1933, 108 Fla. 144, 146 So. 215; Wilson v. State, 1937, 129 Fla. 827, 177 So. 216; Cooper v. City of Miami, 1948, 160 Fla. 656, 36 So.2d 195; Stanger v. State, Fla.App.1960, 117 So.2d 417.
The briefs of the respective parties have not cited any case nor have we succeeded in finding a Florida decision through our own research which directly rules on this point of law. However, we have found where this identical question has been decided in other jurisdictions. As early as 1927 the Supreme Court of Georgia in Gullatt v. State ex rel. Collins, 169 Ga. 538, 150 S.E. 825, held on page 827:
“In prohibiting a gaming house or a gaming place, it is intended to prevent the maintenance of a place at which persons gather for the purpose of hazarding and betting money, whether the subject-matter of a single bet is or is not made penal. The keeping of a gaming house or a gaming place is a separate, well-defined offense, and entirely independent of the criminality of the betting carried on therein. The statute is aimed at the place, not at the players, nor at the game, nor at the subject-matter of the wager.’ ” (Emphasis added.)
In Parr v. Commonwealth, 1957, 198 Va. 721, 96 S.E.2d 160, the Supreme Court of Appeals of Virginia held:
“It is well settled that gambling and keeping a gambling house are distinct offenses * *
In People v. Bruno, 1953, 281 App.Div. 941, 119 N.Y.S.2d 578, it was held:
“Although the indictment fails to name any specific section of the Penal Law, there cannot be any doubt that appellant was indicted, tried and convicted of ‘keeping a room used for gambling,’ in violation of Section 973 of the Penal Law. However, the only proof offered by the People tended to prove appellant guilty of the crime of either book-making or receiving money bet or wagered .on a horse race, within the purview of Section 986 of the Penal Law. The two sections refer to entirely separate and distinct offenses and are mutually exclusive. The act prohibited under Section 973 is the ‘keeping’ of a room for gambling purposes, while Section 986 prohibits pool-selling, bookmaking, et cetera, regardless of the place where the act is committed. The Court of Appeals has had occasion to emphasize the distinction between the two sections, and in interpreting them has clearly held that Section 973 embraces only cases not specifically provided for by Section 986. People v. Stedeker, 175 N.Y. 57, 67 N.E. 132. From this we must conclude that Section 973 does not comprehend or embrace the keeping of a room or place where bets or wagers are recorded and made on horse races, which offense is exclusively provided for and punishable under Section 986. It necessarily follows that the evidence adduced on the part of the People is wholly insufficient to support defendant’s conviction under Section 973 of the Penal Law. The judgment .of conviction should be reversed and the indictment dismissed.”
See also 38 C.J.S. Gaming § 90, p. 154.
In view of the fact that the purpose and intent of Fla.Stat. 849.01, F.S.A., is to prohibit not gaming or gambling itself but to prohibit keeping of a house or .other place for any manner of gaming or gambling and the purpose and intent of Fla.Stat. 849.-25(2), F.S.A. is to make the specific act of gambling, to-wit, bookmaking, a crime, we must hold that the lower court erred in suppressing the betting card and corresponding entry on the recapitulation sheet which was the subject of the conviction of bookmaking on October 14, 1966.
Reversed and remanded for further proceedings consistent with this opinion.
LILES, C. J., and PIERCE, J., concur.