SWANN, Judge.
The State of Florida appeals from a final order, as amended, which dismissed Counts One, Two and Five of a five count information and which granted immunity to one of the defendants, Fred Chapman.
These defendants were originally indicted by the Spring Term 1967 Dade County Grand Jury and charged in separate counts with violations of the lottery and gambling laws of Florida. This information was dismissed and an amended information was filed March 25, 1968. The final information filed on January 20, 1969 charged the defendants with violating the lottery and gambling laws of Florida in five separate counts.
In pertinent part, Counts One and Two of the amended information charged the defendants with certain violations of state laws “beginning on or about the 8th day of March, 1967, through and continuing to and ending on the 26th day of September, 1967.”
Rule 1.140(d) (3), CrPR, 33 F.S.A., provides that each count of an information “shall contain allegations stating as definitely as possible the time” of the commission of the offense charged in the count.
In Morgan v. State, 51 Fla. 76, 40 So. 828 (1906), the Supreme Court held a charge that an offense was committed on or about a certain date was indefinite and uncertain and was fatal upon a motion in arrest of judgment. We find no error in the ruling of the trial judge concerning Counts One and Two of the information. See also 17 Fla.Jur. Indictments and Informations § 40. The appellees advance other persuasive grounds to uphold the ruling of the trial court in dismissing Counts One and Two but we see no need' to discuss additional reasons for affirming the ruling of the trial judge in this regard.
The state, in response to a request for a statement of particulars for the exact date on which the alleged offenses were committed, first answered that the date was “unknown” and later answered “as stated in the information.” The trial court, in its final order, as amended, found “that the State by their Bill of Particulars cannot state with sufficient certainty the dates and times of the offenses alleged in Counts I and II of the Information and that such would embarrass the Defendants in the preparation of their defense.”
We hold the state has failed to show an abuse of discretion in the action of the trial judge in denying its motion to amend the information by striking the words “on or about” from Counts One and Two.
In Count Five, one of the defendants, Elsie Griffin, was charged with unlawful possession of certain gambling devices, implements, apparatus or paraphernalia, ordinarily or commonly used in the operating of gambling houses or establishments, to-wit: Lottery Slips with Notations, Rundown Sheets with Notations, Transmittal Envelopes and Cash in the sum of One Hundred-Ninety-One Dollars and Sixty-Five Cents ($191.65), in violation of § 849.09(1) (f), Florida Statutes, F.S.A.
The final order, as amended, agreed that lottery slips with notations, transmittal envelopes and cash were not implements or devices for conducting a lottery, relying upon Cooper v. City of Miami, 160 Fla. 656, 36 So.2d 195 (1948) and Zeiders v. City of Ft. Lauderdale, Fla.App.1962, 136 So.2d 261.
Section 849.09(1) (f), Fla.Stat., F.S.A. provides:
“(1) It shall be unlawful for any person in this state to:
* * * * *
“(f) Have in his possession any lottery wheel, implement or device whatsoever for conducting any lottery or scheme for the disposal by lot or chance of anything of value;”
In Cooper, supra, the defendant was charged, tried and convicted of violation *493 of Section Two of the Miami City Code by unlawfully setting up and keeping a gambling device * * *, “to-wit: betting on horse races was then and there played for money." (Emphasis added)
The evidence adduced therein was that the defendant was observed “ ‘taking bets and also paying off on winners’ on certain horse races being run; that on the occasion of the arrest he saw the petitioner receive money for a bet and hand the better a bet slip upon which was written the amount of the bet that had been made, the initials of the petitioner, and the horse upon which the bet had been placed.”
The Supreme Court stated at page 196 of 36 So.2d:

“The manifest purpose and intent of a statute or ordinance forbidding the setting up and keeping of a gambling device at which games of chance are played for money is to prohibit not the gaming or gambling itself but the maintenance and operation of a device upon or by means of which gaming or gambling is permitted.”
* iji % * * *
and rationalized at page 196 that:
^ »!» 4*
“It is plain from the evidence that the prosecution did not prove the charge lodged against the petitioner but proved, at most, an entirely different offense punishable by an entirely different ordinance, namely, gaming or gambling by taking bets upon a horse race without the intervention of a gaming or gambling device of any kind.”
* * * * * *
We hold that Cooper, supra, is not sufficient authority for a holding that lottery sheets and rundown sheets with notations and transmittal envelopes and cash may not be considered to be at least an implement for conducting a lottery.
In Zeiders, supra, the defendant was charged, convicted and tried with violation of an ordinance of Ft. Lauderdale which made it unlawful for a person to have possession of any machine, device, paraphernalia, equipment or things commonly used in gambling. The opinion held that evidence of alleged bookkeeping records of bookmaking transactions was insufficient to sustain a conviction for violation of the ordinance.
Both Cooper and Zeiders turned on the insufficiency of the evidence to support a conviction of a specific charge for violation of city ordinances. In the case at bar the ruling was that the possession by the defendant, Elsie Griffin, of lottery slips and rundown slips with notations, transmittal envelopes and cash in the sum of $191.65 could not constitute a violation of § 849.-09(1) (f), Fla.Stat., F.S.A., as a matter of law.
As indicated above, we do not believe Cooper and Zeiders are sufficient authority for such a ruling as a matter of law. There is no showing that these items were ever before the trial judge and they are not contained in the record on appeal. If such a ruling were made after the introduction of these specific items into evidence or there was a ruling that these items with testimony in support thereof were insufficient, our ruling might be different. We cannot hold, as a matter of law, that lottery slips and rundown sheets with notations, transmittal envelopes and cash in the sum of $191.65 are not sufficient to support an allegation of a violation of § 849.09(1) (f), Fla.Stat., F.S.A. On the basis of the present record we conclude that error was committed in the dismissal of Count Five of the information.
Lastly, but perhaps most important, is the challenge to the validity of that part of the order which granted immunity to the defendant, Fred Chapman.
The state concedes Chapman was immune from prosecution up to March 7, 1967 as that was the date of his last appearance before the Dade County Grand Jury. *494 It appears that Chapman was a gambling stamp holder, pursuant to federal statutes and regulations. In response to a subpoena issued by the Dade County Grand Jury, the Internal Revenue Service furnished to the Grand Jury the tax on wagering “Form 730” on' which Chapman reported to the federal government the gross amount of wagers accepted by him during the month, his net tax due, his name, address and signature. These forms covered a period of time including those from January through June of 1967. The trial court found that these forms encompass “the period of time laid in Counts I and II of the information.”
It is persuasively argued, on behalf of Chapman, that he received immunity as a result of the action of the Grand Jury in subpoenaing his Form 730 tax returns from the Internal Revenue Service as they contained incriminating evidence which he was compelled to give against himself.
Several federal cases have thoroughly discussed the incriminating aspect of these tax wagering forms in federal prosecutions. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and Scaglione v. United States, 396 F.2d 219 (5th Cir. 1968). These rulings have been held to apply retroactively in federal prosecutions in the Fifth Circuit. United States v. Lucia, 423 F.2d 697 (5th Cir. 1970).
The final order, as amended, does not appear to specifically rely upon this point for its ruling, however, and we will not pass upon it.
The order specifically found that Chapman did appear and testify before the Grand Jury without having waived his immunity from prosecution and that he and other defendants “testified without having signed waivers of immunity and that the matters and things about which they testified fall within the provision of the ‘Immunity Statute’ § 932.29, F.S.” The holding as to that portion of the order which granted immunity to a number of defendants other than Fred Chapman has not been challenged by the state on this appeal.
The 1967 immunity statutes, in effect at the time of this final order, as amended, provided :
“No person shall be excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.” (Emphasis added)
We are confronted with a ruling of immunity for Chapman under authority of § 932.29, Fla.Stat., F.S.A. The record shows that Chapman did not invoke any privilege against self incrimination but “laid out his whole entire operation” before the Grand Jury without having signed or waived immunity.
The state contends that the effect of the final order, as amended, was to grant Chapman immunity for crimes that are yet to be committed. We do not so construe the order. It granted Chapman immunity from prosecution only under this particular information.
A determination as to immunity, if any, for crimes to be committed in the future must be made at a future time and under another properly drawn indictment *495 or informatron. Cf. State ex rel. Marcus v. Pearson, Fla.1953, 68 So.2d 400.
The terms of the Florida statute in question and its application must be as broad as the constitutional guaranty against self incrimination. State ex rel. Reynolds v. Newell, Fla.1958, 102 So.2d 613; and Lewis v. State, Fla.App.1963, 155 So.2d 841.
Here, Chapman testified on several occasions in various proceedings before the Dade County Grand Jury without having waived immunity. The trial court granted the defendant Chapman immunity under this specific and defective information. We agree.
The order, as amended, which the state has appealed, is
Affirmed in part and reversed in part.