REED, Chief Judge.
In an original proceeding in this court for a writ of habeas corpus, petitioner charges that he is being detained under a sentence of life imprisonment illegally entered by the Circuit Court in and for Bro-ward County, Florida. He alleges that the circuit court did not have jurisdiction to enter the sentence. Petitioner also claims that the indictment on which he was tried was fatally vague in that it charged that the alleged offense occurred “on or about” a certain date instead of one specific date.
Petitioner’s jurisdictional contention is based on the United States Supreme Court case of Furman v. Georgia, 1972, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, which held that the death penalty as presently applied is cruel and unusual. Petitioner was adjudicated guilty of first degree murder and sentenced to death prior to the rendition of the Furman opinion which was published on 29 June 1972. The Florida Supreme Court, anticipating that Furman would become final as reported, delivered an opinion on 17 July 1972 interpreting the effect of Furman as applied to Florida law. In Donaldson v. Sack, Fla.1972, 265 So.2d 499, the Court held:
“ . . . our circuit courts at this time, and until any legislation which may revive ‘capital cases’, do not have jurisdiction in those cases heretofore delineated as ‘capital’ and accordingly subsequent to Furman jurisdiction in such cases now pending or being filed vests in the courts of record and may be transferred there in those 17 counties of Florida which have such courts. . . .”
Broward County has a court of record. Nevertheless subsequent to Donaldson and Furman the Circuit Court of Broward County on 22 September 1972 resentenced petitioner to life imprisonment and on 13 November 1972 denied a motion for new trial. Petitioner thereupon filed a motion in the circuit court requesting that it vacate all orders entered subsequent to Fur-man and transfer the cause to the Court of Record for the entry of such orders as may be appropriate. When those motions were denied by the circuit court, Baxter filed the present petition for a writ of ha-beas corpus.
Petitioner’s contention that his case should be transferred to the Criminal Court of Record for Broward County for a second consideration of his motion for new trial and resentencing is without merit. The language taken from Donaldson v. Sack, supra, of necessity means that circuit courts have no jurisdiction after Furman to try a capital case. It does not mean that where a person was tried and sen *421 tenced to death before Furman, the sentencing court could not correct its sentence to bring it in line with Furman or rule on a post-trial motion for new trial. Donaldson v. Sack was an original proceeding in the Florida Supreme Court to prohibit the trial of a first degree murder case which was pending in the circuit court when Fur-man was decided.
The continuing jurisdiction of the circuit court to resentence a person who had been sentenced to death before Furman was implicitly recognized in Anderson v. State, Fla. 1972, 267 So.2d 8. In writing for the court, Justice Adkins said:
“We have for consideration a motion filed by the Attorney General asking this Court to temporarily relinquish jurisdiction and remand 40 cases in which the death penalty was imposed to the respective circuit courts for the imposition of life sentences. .
‡ }{i % if* * *
“We are aware of the many problems involved, when it is necessary to transport a large number of convicted murderers from the State prison to the trial court for the purpose of sentence.
* ifc * * * *
“The sentences of death imposed on the defendants . . . are vacated and set aside. In lieu and instead thereof, the sentences are corrected to provide that each of the said defendants be imprisoned by confinement in the State prison for the term of his natural life. The Clerk of this Court shall furnish a certified copy of this order to the Clerks of the Circuit Courts in which each of the above-named defendants was convicted. The Clerks of the Circuit Courts shall thereupon issue a commitment in each case based upon this sentence of life imprisonment and shall forward the commitment to the Division of Corrections.” (Emphasis added.)
Petitioner’s contention as to the defectiveness of the indictment rests on a series of three opinions each of which did state that an indictment which charged that an offense was committed “on or about” a certain date was fatally vague. Morgan v. State, 1906, 51 Fla. 76, 40 So. 828; Overstreet v. Whiddon, Sheriff, 1937, 130 Fla. 231, 177 So. 701; State v. Chapman, Fla.App.1970, 240 So.2d 491. The proposition seems to be grounded on the common law principle that the indictment must set forth a particular day on which the offense supposedly occurred. But the present Florida Constitution has specifically given to the Florida Supreme Court the power to establish rules of pleading. Article V, § 3, F.S.A. The Court has done so in this instance through the adoption of CrPR 3.140(d)(3), 33 F.S.A., which provides merely that:
“(3) Time and Place. Each count of an indictment, information or affidavit upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the count.”
This rule supersedes the common law rule followed in Morgan v. State, and the other authorities cited above. Thus the circuit court correctly disposed of the contention when it ruled on the motion for new trial.
The petition for habeas corpus does not make out a prima facie case for relief; therefore, further proceedings herein are unnecessary and the petition is denied.
OWEN and MAGER, JJ., concur.