HUBBART, Judge.
This is a criminal prosecution for maintaining a gambling house. The defendant was convicted as charged and appeals.
The issue presented for review is whether an apartment controlled by the defendant and frequented by no one other than the defendant is a gambling house proscribed by Section 849.01, Florida Statutes (1975), when the defendant habitually takes bets by telephone at the apartment from outsiders on various sporting events. We hold that such an apartment cannot be a gambling house as condemned by Section 849.01, Florida Statutes (1975), and reverse.
The defendant Alfie Mart was charged by information with one count of maintaining a gambling house in violation of Section 849.01, Florida Statutes (1975), and three counts of bookmaking in violation of Section 849.25, Florida Statutes (1975), before the Circuit Court for the Eleventh Judicial Circuit of Florida. At trial, the state presented evidence tending to establish that the defendant controlled and frequented an apartment in Dade County, Florida, in which he took bets at the apartment on the telephone from outside callers on various sporting events. These sporting events took place outside the apartment and included football and basketball games. No one other than the defendant ever frequented this apartment for gambling purposes.
At the close of all the evidence, the defendant moved for a judgment of acquittal which was denied. The jury convicted the defendant of maintaining a gambling house and acquitted him of the bookmaking charges. The trial court sentenced the defendant to one year in the county jail.
The defendant was charged with and convicted of violating Section 849.01, Florida Statutes (1975), which provides in relevant part as follows:
“Whoever . . . maintains a gaming table or room, or gaming implements or apparatus, or house ... for the purpose of gaming or gambling . shall be guilty of a felony of the third degree . .”
The law is well-settled that “[t]o convict one of operating a gambling house, the ownership or control of the house must be proven, and then it must be proven that by the owner’s knowledge and consent or direction some game or device condemned as gambling has been habitually played or carried on there.” Creash v. State, 131 Fla. 111, 179 So. 149, 152 (1938); Stanger v. State, 117 So.2d 417, 418 (Fla.3d DCA 1960). The thrust of the statute is not to proscribe gambling itself, but to condemn the maintenance or keeping of a house or room designed for people to assemble and gamble therein. Perlman v. State, 269 So.2d 385 (Fla.4th DCA 1972); State v. Schell, 211 So.2d 581 (Fla.2d DCA 1968); Stanger v. State, 117 So.2d 417 (Fla.3d DCA 1960); State v. Hindle, 108 R.I. 389, 275 A.2d 915 (1971); Gullatt v. State ex rel. Collins, 169 Ga. 538, 150 S.E. 825 (1929). Maintaining a room or house designed for people to gather and place bets with a bookmaker on various sporting events constitutes the maintenance or keeping of a gambling house. McBride v. State, 39 Fla. 442, 22 So. 711 (1897).
Measured by these standards, it is obvious that the apartment in this case was not a gambling house because it was not designed for people to assemble and gamble therein. The evidence is uncontradicted that the apartment was frequented solely *1125 by the defendant, and that no people ever assembled and gambled at the apartment at any time.
It is true, as the state strongly argues, that there is evidence in the record of illegal bookmaking activities by the defendant. The jury, however, chose not to believe this evidence and found the defendant not guilty of bookmaking. Although this in itself would not preclude the jury from rendering a verdict of guilty of maintaining a gambling house, Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946), the evidence here is totally lacking to sustain such a verdict because the apartment was never maintained or kept for people to assemble and gamble therein. As such, the apartment can not be a gambling house under Section 849.01, Florida Statutes (1975).
The trial court erred in denying the defendant’s motion for judgment of acquittal made at the close of all the evidence. The judgment of conviction and sentence herein is reversed and the cause remanded to the trial court with directions to discharge the defendant from the cause.
Reversed.